## GILBERT v. MOLINE PLOUGH COMPANY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF DAKOTA.

Argued December 3, 1886. — Decided December 20, 1886.

A, having received from B an order for goods, declined to comply with it on the ground that he was not sufficiently advised of B's responsibility. B thereupon procured from C 'a writing stating that C was acquainted with B, indorsed him as an honest, capable business man deserving of credit, and would satisfy all his orders that spring. B delivered this to A. A thereupon notified B that the guaranty was accepted and forwarded the goods. B having failed to pay his notes given for them, A sued on the letter of credit. C defended by setting up the original order given by B as part of and explanatory of the credit. The court below held that the letter of credit was complete and could not be changed by importing into it the previous order. This court sustain that ruling.

Whether a letter-press copy can always be introduced in place of the original, *quære.*

When the introduction of a letter in evidence is immaterial and works no prejudice to the objecting party, this court will not reverse a judgment for that cause only.

This was an action at law on a contract of guaranty. Judgment for the plaintiff, which was affirmed by the Supreme Court of the Territory.

The case is stated in the opinion of the court.

*Mr. H. K. Whiton* for plaintiff in error, submitted on his brief.

*Mr. R. D. Mussey* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Territory of Dakota. The action was brought by the Moline Plough Company, as plaintiff, against Herman Gilbert and Jacob Schartzel, defendants. It was tried before a jury, and verdict rendered for the plaintiff. This judgment, on appeal to the Supreme Court of the Territory, was affirmed. The suit was founded on the following instrument in writing, signed by the defendants:

"SIOUX FALLS, D.T., *March 9th,* 1878.

"*Moline Plough Co., Moline, Ill.*

"Sirs: We, the undersigned, are acquainted with Peter Gillman, of this place, (formerly of Fond Du Lac, Wis.,) and have no hesitation in indorsing him as an honest, capable business man and deserving of confidence and credit. We think your informant, in regard to Mr. Gillman's business ability and capacity, was in error, if not selfish and malicious. We will satisfy all orders Mr. Gillman gives this spring, such as ploughs and cultivators. "WM. B. DICK.

"H. GILBERT.

"JACOB SCHARTZEL."

It seems that on January 21, 1878, Peter Gillman had sent an order to the Moline Plough Company requesting them to forward him certain goods in which they were dealing, and specifying the terms of payment, with which they declined to comply, on the ground that they were not sufficiently advised of his responsibility. After obtaining the above instrument, signed by the defendants, Gillman enclosed it to the Plough Company with the following letter:

"SIOUX FALLS, D.T., *March 9th,* 1878.

"*Moline Plough Co., Moline, Ill.*

"Sir: Will you accept my order under the recommend enclosed; if so, ship me the breakers as ordered; also the cultivators, and about 6 vibrating harrows. Hoping we will get better acquainted, I am sorry about such a report as stated

to you, and I know you will think so much more of me. (Too late in season for harrows.)

"I remain, yours,     PETER GILLMAN.

"If you accept my order, please ship the goods at once, and oblige      P. G."

The plaintiffs accepted the guaranty, notified Gillman that it was accepted, and forwarded the goods. The dealings between these parties under this guaranty continued during the spring; the last shipment being made about May 24, 1878. On July 28th following a settlement was made, and for the balance found due from Gillman to plaintiffs two notes were given, one payable September 15, 1878, and the other November 15, 1878.

An attempt was made by the defendants to show that credits were given in this transaction which released them from the liability of their letter of credit or guaranty. To establish this they insisted that the original order given by Gillman in January was to be taken as a part of or an explanation of their letter of credit. The court held that the letter of credit was complete within itself, and that the defendants could not import into it by parol any additional agreement as to the time and character of the credit to be given to Gillman, and instructed the jury to that effect. This is the principal error relied upon to reverse the judgment, which we think is no error.

The instrument sued on contains no reference to the previous letter of Gillman to the Plough Company, nor any restriction as to the terms on which they held themselves liable for his orders, except that they shall be given "this spring." The language used is, "We will satisfy all orders Mr. Gillman gives this spring, such as ploughs and cultivators." The letter from Gillman dated March 9th, referring to his previous order, is in fact a new order of that date, and evidently made under and in pursuance of the guaranty of the defendants. All the goods delivered to Gillman by the plaintiffs for which suit is now brought against the defendants were

delivered during that spring, and were delivered after the receipt of this guaranty. The court was right therefore in not permitting the defendants to explain or qualify that guaranty by the parol testimony which they offered. Nor do we see anything in the testimony, as found in the bill of exceptions, to discharge the defendants from the obligation incurred by the letter of credit, or guaranty, whichever it may be.

An error is assigned by the brief, on the admission in evidence on the part of the plaintiffs of a letter-press copy of a letter of the Moline Plough Company to Gillman, signed by Lobdell, the witness, on the part of that company. It is a reply to the letter received from Gillman of March 9, 1878, enclosing the guaranty, and reads as follows:

" PETER GILLMAN, Esq., Sioux Falls, D.T.

"Yours of the 9th is at hand, and satisfactory. We will ship your goods in a day or so, and hope they will arrive promptly.                                             LOBDELL."

The objection was made that it was a letter-press copy and not the original. Without deciding whether a letter-press copy can always be introduced in place of the original, as is contended by the counsel for the defendant in error, it is sufficient to say that Lobdell, the witness, had previously testified, without objection, that he had acknowledged the receipt of the letter of guaranty and order by a letter to Gillman, in which he told him that the goods would be shipped in a few days. The introduction of this copy was, therefore, wholly immaterial. And even without such proof the acknowledgment of the letter of Gillman was unnecessary to fix the liability of the defendants, and could have worked no prejudice.

These are all the assignments of error worthy of attention, and the judgment of the Supreme Court is therefore

*Affirmed.*