## CAMERON COAL & MERCANTILE CO. v. UNIVERSAL METAL CO.

### No. 564. Opinion Filed July 12, 1910.

#### (110 Pac. 720.)

1. **SALES—Delivery — Reasonable Time—Parol Evidence.** Where the contract specifies no time for delivery of the goods ordered, the law implies a delivery thereof within a reasonable time; and will not permit this implication to be rebutted by parol testimony going to fix a definite time because this varies the contract.

2. **FRAUDS, STATUTE OF—Sales—Acceptance of Order.** An order for goods which is sought and procured by the seller is to be deemed accepted by him at once and, if signed by the buyer, becomes a contract binding on him within the statute of frauds, and no other acceptance or notice of acceptance is necessary. (Syllabus by the Court.)

*Error from District Court, Le Flore County; Jas. L. Hale, Judge.*

Action by Octave Block and Paul Block, partners, as the Universal Metal Company, against the Cameron Coal & Mercantile Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Fowler & Bolger* and *Brizzolara & Fitzhugh,* for plaintiff in error.—Citing: *Armsby v. Eckerly,* 42 Mo. App. 299; *Johnston v. McRary,* 50 N. C. 369; 1 Elliott on Evidence, sec. 579; 4 Wigmore on Evidence, sec. 2430; 9 Enc. Ev. 492, 493; *Gundy v. Green,* 95 Cal. 630; *Cummings v. Putnam,* 19 N. H. 569.

*T. T. Varner,* for defendant in error.—Citing: *Miller v. Bensley,* 20 Ill. App. 528; *Kessler v. Smilh,* 42 Minn. 494; 2 Mechem on Sales, sec. 1129; 2 Page on Contracts, sec. 1195; 17 Cyc. 570; 9 Enc. Ev. 333; *Blake Mfg. Co. v. Jaeger,* 81 Mo. App. 239; *Gale Mfg. Co. v. Finkelstein,* 59 S. W. 571.

TURNER, J. On March 14, 1908, Octave Block and Paul Block, partners as the Universal Metal Company, defendant in error, sued the Cameron Coal & Mercantile Company, a corpora-

tion, plaintiff in error, in the county court of Le Flore county on account for goods, wares, and merchandise sold and delivered by plaintiff to defendant at its special instance and request, in the sum of $840.06, which request was as follows:

"Universal Metal Company, Mulhouse, France. Gentlemen: Please ship the following bars of steel: 3 Bars $7/8$x$1\frac{1}{4}$, for pick points. 3 bars 2-inch square sets (cleavers). 3 bars $1\frac{3}{4}$ square sets. 3 bars $1\frac{1}{2}$ square sets. 3 bars 1-inch Octagon steel. Consign the above to us at Williams, Indian Territory. Bars to be 12 to 18 feet long. Terms 3 per cent. against Bill Lading. Price 39 cents per pound F. O. B. Williams, I. T. Yours truly, Cameron Coal and Mercantile Company. [Signed] Geo. T. Williams, General Manager."—

And prayed judgment for said amount.

For answer defendant filed a general denial, and for further defense alleged that it contracted with plaintiff through its agent for the purchase of the goods mentioned in the account sued on, but that said contract of purchase was upon condition that the goods were to be delivered to defendant at its coal mine at Williams, Indian Territory, within 60 days from the date thereof, to wit, October 25, 1905, and that plaintiff failed to deliver said goods at said place within the time agreed upon; that said goods did not arrive at Williams until the latter part of March, 1906, for which reason defendant refused, and still refuses, to accept the goods. On trial to the court, a jury being waived, defendant, after *prima facie* case made by plaintiff, offered to prove that the goods were bought upon the express condition that they would be delivered within 60 days. The court held the written memorandum to be a complete contract between the parties, and excluded the evidence, to which defendant excepted, and, after judgment against it for the full amount of the account, brings the case here and assigns this for error. Such it was not. The contract was complete upon its face and could not be contradicted or varied by parol. 9 Ency. of Evidence, p. 487, says:

"Contracts of sale of merchandise frequently consist of a written order given by the buyer for the goods desired and an oral acceptance thereof by the seller, and in such a case the order in

so far as it evidences the contract of sale cannot be contradicted or varied by parol."

2 Parsons on Contracts, 535, lays down the rule thus:

" * * * Where anything is to be done, as goods to be delivered, or the like, and no time is specified in the contract, it is then a presumption of law that the parties intended and agreed that the thing should be done in a reasonable time."

Again on star page 661, he says:

"If the contract specifies no time, the law implies that it shall be performed within a reasonable time; and will not permit this implication to be rebutted by extrinsic testimony going to fix a definite term because this varies the contract."

. In *Arnold v. Malsby et al., Executors,* 120 Ga. 586, 48 S. E. 132, the action was by Malsby & Co. against Arnold to recover an engine, boiler, and saw which they had sold defendant, reserving title until payment of the purchase money. Defendant sought to recoup damages on account of delay in shipment thereof. The order read to "ship at once," and he agreed therein "to receive the machinery on arrival," plaintiffs "not to be held liable for damages for delay by the railroad or failure of manufacturers in not shipping the machinery." At the trial defendant testified, in substance, that he had bought the machinery from plaintiffs through the half-brother of one of them who came to him one morning for the purpose of selling it; that he took him in his buggy, rode out to defendant's farm, where he had just started to cut corn, and told the agent he wanted the engine for the purpose of shredding the corn; that the agent said he was a junior member of the firm, and the engine was bought for so much to be delivered at defendant's place within six days; that it was to be shipped from Atlanta, and at once; that the engine could not have been sold under any other circumstances; that it was not shipped at once; that, when he went to his desk to draw up the contract, it was specially understood between the agent and defendant that the engine was to be shipped at once; that he took him to his place and showed him the amount of corn, and told him that he had to have an engine right away, and that, if he did not get it right

away, his stuff would be liable to ruin; that before he signed the contract he told him the engine would have to be delivered at once, he agreed to it; and defendant signed it; that the corn rotted while he was waiting for the engine, and that he had been damaged for the amount stated. The testimony as to what Malsby said as to the time when the engine was to be shipped was excluded, and this was held on appeal no error.

*First State Bank v. Noel,* 94 Mo. App. 498, 68 S. W. 235, was a suit on a promissory note for $100, whereby defendant promised "when the lines of the Standard Telephone Company of Missouri are built to Daugherty, Missouri, I promise to pay to the order of Charles Webster, trustee, at Union National Bank, Kansas City, Missouri, one hundred dollars, value received, with interest to date at eight per cent. per annum, after line reaches the above written town." He sought to escape liability thereon by proving, as he did in the lower court, that at the time it was executed it was represented to him that the lines would be completed to Daugherty within 90 days from the contract, whereas it was not completed to Daugherty until after six or eight months thereafter. On appeal the Supreme Court held this to be error, and said:

"It was competent for defendant to show the consideration for the note, and he was allowed to introduce evidence going to show what that consideration was, but he was not entitled to prove that the lines of telephone were to be completed to Daugherty in 90 days, or any other specified time, for the writing does not fix any date whatever for that purpose, but it does fix the completion of the line to that point as the time when the note shall be due and payable. It is not competent to add to, or take from, a written contract by verbal statements—statements made at the time and anterior to its execution—for all such are merged in the writing."

In *Gale Mfg. Co. v. Finkelstein et al.* (Tex. Civ. App.) 59 S. W. 571, plaintiffs in error sued to recover of defendant in error $385, the purchase price of certain personal property sold and delivered to him. On the trial plaintiff introduced an order signed by defendant in error directed to it to ship from Albion, Michigan, on or about December 1, 1898, "in car you have going to Wharton, Texas," the following goods (describing them), "for which we

agree to pay you three hundred eighty-five dollars (385.00) on demand draft with bill of lading attached. You guaranty shipment to check out O. K. We to pay all freights from point of shipment, Albion, Michigan. You guaranty car rates to Wharton, Texas. [Signed] A. Finkelstein & Son, per W. F. Geo. S. Hooper, Salesman." Over objection, defendants were permitted to prove by one of defendants that at the time the order was given it was verbally agreed between himself, acting for the defendants, and said George S. Hooper, that the order should be sent by Hooper to plaintiff at Albion, Michigan, before acceptance, and, if accepted, that it would notify defendants of such acceptance; that in the event said notice was not given within that time the order was to be considered cancelled and the contract at an end. This evidence was objected to by the plaintiff on the ground that the condition as to the time in which notice of acceptance should be given did not appear in the written contract and said testimony varied its terms. The Supreme Court sustained the contention, and reversed the case, and, after quoting approvingly from Mr. Parsons, *supra,* said:

"If it required any notice of acceptance to make said order a binding contract, such notice would only be required, under the law, to be given within a reasonable time; and it would certainly be varying the terms of the written contract to require notice of its acceptance to be given in 30 days, and to make the contract conditional upon the giving of such notice. * * * We think it is as much a variance of a written contract, which specifies no time in which notice of acceptance shall be given, to show by parol that a definite time was fixed for the giving of such notice as it is in the case put by Mr. Parsons."

As no notice of the acceptance of this order was necessary, plaintiff having filled it and shipped the steel within a reasonable time, it was not error for the court to refuse to permit defendant to amend its answer at the close of the testimony so as to state:

" * * * That if said plaintiff accepted said defendant's order, as set out in petition of plaintiff, notice of said acceptance was not given in a reasonable time thereafter, and that defendant had no notice of the rejection or of the acceptance of said order,

or that the shipment would be made by reason of it within a reasonable time."

In *McCormick v. Market*, 107 Iowa, 340, 78 N. W. 33, the court said:

"Again, it is said that the order was not accepted by plaintiff, or that defendant was not notified of such fact. It was enough that plaintiff filled the order within the specified time. No other acceptance or notice was necessary. *Muscatine Water Co. v. Muscatine Lumber Co.*, 85 Iowa, 112 [52 N. W. 108, 39 Am. St. Rep. 284]; *Griffin v. Bristle*, 39 Minn. 456, 40 N. W. 523."

In *Kessler et al. v. Smith*, 42 Minn. 494, 44 N. W. 794, the court in the syllabus say:

"An order for goods which is sought and procured by the seller is to be deemed accepted by him at once, and, if signed by the buyer, becomes a contract binding on him, within the statute of frauds"—

citing *White v. Corlies*, 46 N. Y. 467; *Howard v. Daly*, 61 N. Y. 362, 19 Am. Rep. 285.

The judgment of the trial court is affirmed.

All the Justices concur.