JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW J. KANE,   } Justices.
R. L. WILLIAMS,

## HOLMES v. EVANS.

No. 968.   Opinion Filed September 12, 1911.

(118 Pac. 144.)

1.  **EVIDENCE—Parol Evidence Affecting Writing—Incomplete Writing.** While a written contract cannot be contradicted by parol evidence, it is permissible, where the writing does not purport to set out the entire contract, to show by parol other stipulations, not inconsistent with those expressed. Where a contract rests partly in parol, that part which is in writing is not to be contradicted by parol evidence.

2.  **APPEAL AND ERROR—Review—Prejudicial Effect of Error.** Parol evidence having been received over objection, which contradicted the written instrument, and which from the record we cannot say did not influence the finding of the jury against plaintiff in error, held, reversible error.

3.  **APPEAL AND ERROR—Brief—Setting Out Instructions.** Where a party complains on account of instructions given, but fails to set out in totidem verbis in his brief separately the portions to which he objects or may save objections, the same will not be reviewed on appeal here.

(Syllabus by the Court.)

*Error from District Court, Roger Mills County; G. A. Brown, Judge.*

Action by J. W. Holmes against F. A. Evans. From a judgment for the defendant, plaintiff brings error. Reversed and remanded.

*D. G. Moore, C. S. Gilkerson,* and *D. W. Tracy,* for plaintiff in error.

*T. L. Turner, John C. Hendrix,* and *John B. Harrison,* for defendant in error.

WILLIAMS, J. This proceeding in error seeks to review the judgment of the lower court in an action of replevin, wherein the plaintiff in error was plaintiff, and the defendant in error defendant. The amended petition and affidavit set up a special ownership in a stock of goods by virtue of a written contract. The body of said contract is in words and figures as follows:

"It is hereby agreed by J. W. Holmes (known in this contract as the party of the first part) that he shall convey to F. A. Evans (known in this contract as the party of the second part) his stock of mdse. now located in the Odd Fellows & Masonic Building of Texmo, Okla., for an amount covering the cost of goods as shown by the cost mark on said goods and also 22½% of said cost price as bonus. And agreed to take as part consideration one span of mules at $300.00 one mule colt at $65.00 sixty-six hogs and small pigs at $165.00 one Spaulding hack at $95.00 one riding plow at $38.00 one riding lister at $15.00 one harrow at $8.00 one go-devil at $10.00. One cultivator at $20.00 one stack of millet hay and two ricks of fodder at $15.00 four cows, two calves, one young bull, and $115.00 also the corn in granary at $136.00 and one-third interest in stock cutter at $8.00 making a total of personal property as taken of $990.00 and in further payments also agrees to take 160 acres of land now belonging to F. A. Evans and described as follows: The southwest quarter of section eighteen in township sixteen range twenty, Dewey county, Okla., for the sum of $2300.00 and said party of the first part agrees that in taking above described land that he will allow the said party of the first part the above amount as net price, and will take the above described land subject to one certain mortgage of $1200.00 made to the

Boardman Land & Loan Co. The said party of the first part also agrees to sell to party of the second part all fixtures—including eight show cases and two thread cabinets for the sum of $75.00. It is hereby agreed by said party of the second part that he shall permit the said party of the first part to remain (in) possession of the above described stock of mdse., until said mdse. is satisfactorily settled for, i. e., until whatever amount of margin there may be between the cost of goods as shown by the inventory to be taken and according to price of goods as agreed herein, and the amount paid by said party of the first part as per above. It is also agreed and understood that said party of the first part shall sell and convey to said party of the second part one house and lot known as the F. H. Crow property, located in Texmo, for the sum of $600.00 said money to be considered in the final settlement the same as the stock of mdse. and said party of the second part shall receive the pay for house and lot out of the sale of mdse."

The plaintiff in error makes the following assignments of error:

"(1) The court erred in permitting defendant to prove and show a variance between the written contract and what he (the defendant) understood the contract to be, thus permitting him to vary the terms of the written contract by proof of contemporary parol agreements.

"(2) The court erred in each of the paragraphs of the instructions to the jury.

"(3) The court erred in instructing the jury, in paragraph numbered 1 of the instructions, wherein the jury was informed that, in case plaintiff had voluntarily delivered possession of the goods to defendant, he thereby lost his right of possession under said contract, without also informing the jury that, if such voluntary surrender was made under certain agreements, which the defendant refused to carry out, he would have a right to retake said goods and hold them under the terms of the written contract."

1. In *Southard v. Arkansas Valley & W. Ry. Co.*, 24 Okla. 408, 103 Pac. 750, it is said:

"In this jurisdiction we are governed by statute, however, which is substantially declaratory of the common law. Section 781 (chapter 15, art. 2, § 52), Wilson's Rev. & Ann. St. 1903 (section 822, St. Okla. 1893), provides that 'the execution of

a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument.' In the case of *Guthrie & Western Ry. Co. v. Rhodes,* 19 Okla. 26, 91 Pac. 1119 [21 L. R. A. (N. S.) 490], this statute is construed under a bonus note contract very similar to the one involved here; and it was there held that under said statute the execution of a contract in writing supersedes all the oral negotiations and and stipulations concerning the terms and subject-matter which preceded or accompanied the execution of the instrument; and where a note was given as subscription to a railroad, to aid in the construction and building of said road, any representations made prior to or contemporaneous with the execution of the note are inadmissible to contradict, change, vary, or add to the conditions or consideration plainly incorporated in and made a part of said note."

In *McNinch v. Northwest Thresher Co.,* 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803, it was held that:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

See, also, *Threlkeld et al. v. Steward et al.,* 24 Okla. 403, 103 Pac. 630, 138 Am. St. Rep. 888.

If the written instrument, however, on its face is incomplete, parol evidence is admissible for the purpose of supplementing the written contract, but not to contradict or vary its terms. In *Shepherd v. Haas,* 14 Kan. 443 (2d Ed. 340), in an opinion by Mr. Justice Brewer, it is said:

"But the existence of a written contract does not always exclude the possibility of a contemporaneous parol agreement bearing upon the same general subject-matter, yet referring to some point or phase of it not expressed in the writing. And this written agreement, obscure and uncertain as it is, evidently does not reach to all matters of ordinary consideration in a transaction like the one at bar. Without noticing others, it is enough to refer to the question at whose option the foreclosure was to

be had. Upon this the written agreement is silent, and nothing can be implied from the language used concerning it; yet it was a proper matter of agreement, and one ordinarily determined in such an agreement. But, whatever were the facts of the case, it is possible that there was some contemporaneous parol agreement, not *contradicting* or *varying* the written, and yet having some bearing upon the matter in issue." (Italics ours.)

When the writing does not purport to disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written instrument, for, where a contract rests partly in parol, that part which is in writing is not to be contradicted. *West v. Kelly,* 19 Ala. 353, 54 Am. Dec. 192; *Whatley v. Reese,* 128 Ala. 500, 29 South. 606; *Radigan v. Johnson,* 174 Mass. 68, 54 N. E. 358; *Chapin v. Dobson,* 78 N. Y. 74, 34 Am. Rep. 512; *Thomas v. Scutt,* 127 N. Y. 133, 27 N. E. 961. However, the writing is presumed to contain the whole of the contract, and will be protected from any invasion of intrinsic stipulations, if, upon inspection and study of the writing itself, read in the light of surrounding circumstances in order to its proper understanding and interpretation, it appears to contain the engagement of the parties, and to define the object and measure the extent of such engagements, and to have been designed by the parties to be the repository and evidence of their final intentions. *Gilbert v. Moline Plow Co.,* 119 U. S. 491, 7 Sup. Ct. 305, 30 L. Ed. 476; *Seitz v. Brewers' Refrigerating Mach. Co.,* 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; *Drennan v. Satterfield,* 119 Ala. 84, 24 South. 723; *Eighmie v. Taylor,* 98 N. Y. 288.

Over the objection of the plaintiff in error, evidence was admitted to show it was not the intention of the parties that the plaintiff in error should remain in possession, but that the defendant in error should have possession, and the plaintiff in error should aid him in selling the goods, etc. In this the court erred,

for such parol evidence was clearly in conflict with the written contract.

2. As to the second assignment of error, that "the court erred in each of the paragraphs of the instructions to the jury." Rule 25 (20 Okla. xii, 95 Pac. viii) of the court provides that, "where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portions to which he objects or may save exceptions." Said assignment, not complying with this rule, does not raise any question for determination in this court.

3. The plaintiff contends that there was no evidence reasonably tending to support the theory of a subsequent parol agreement, by which plaintiff delivered to defendant the possession of said goods, and for that reason assigns as error said instruction No. 1, which is set out *in totidem verbis,* as required by the rules of this court. In view of the fact that this case will have to be sent back for a new trial, we do not pass on this question.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

DUNN, HAYES, and KANE, JJ., concur; TURNER, C. J., concurs in the conclusion.