**STONE v. SPENCER.**

No. 9564—Opinion Filed July 20, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Necessity for Objections—Special Findings.**

While the right of a party to have the trial court make separate findings of fact and conclusions of law is a substantial right, the rule is well settled that, where the court attempts to make special findings upon the request of a party, and inadvertently fails to make special findings upon some particular matter in controversy, or makes such findings in too general terms, the court does not thereby commit substantial error unless its attention is first called to the omission to find, or to the defective finding and it then fails or refuses to correct the same.

2. **Evidence—Parol Evidence Affecting Writings.**

When the writing does not purport to disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written instrument.

3. **Appeal and Error—Harmless Error—Admission of Evidence.**

A judgment rendered in a case heard without the intervention of a jury will not be reversed on account of the admission of incompetent evidence, unless the record discloses that there was no competent evidence to support it, or in some other way shows affirmatively that the improper evidence affected the result.

4. **Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

The judgment of the trial court in an action of purely equitable cognizance will not be reversed on appeal unless said judgment and finding of the court are clearly against the weight of the evidence.

5. **Same—Evidence Sustaining Judgment.**

The record examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by G. B. Stone against W. S. Spencer for dissolution of partnership and accounting. Judgment for defendant, and plaintiff brings error. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

Keaton, Wells and Johnston, for defendant in error.

McNEILL, J.   G. B. Stone filed his petition in the district court of Oklahoma county against W. S. Spencer to dissolve a partnership existing between Spencer and Stone under the firm name of W. S. Spencer and Company, and for an accounting. It was alleged in the petition that W. S. Spencer was indebted to the firm in the sum of $2,641, and the partnership was indebted to Stone in the sum of $660.19. It was further alleged that the partnership acted as agent for numerous insurance companies in placing their policies and receiving commissions on premiums, and acquired an interest in the expiration on said policies, and plaintiff alleged that the agency for and the expirations of the companies were worth the sum of $4,500. It was further alleged that since 1914 the plaintiff and defendant had executed various bonds to the different insurance companies whereby they bound themselves jointly and severally to pay to the insurance companies all premiums upon the policies which they might write less the agent's commission thereon, and that there were premiums written by the partnership amounting to about $4,000 uncollected, and the plaintiff was liable to the insurance companies on said bonds for such amount of said premiums as might be collected and not paid to the said companies to the extent of such balance as might be due the said companies, which balance was then in the sum of about $1,700.

It was further alleged that said partnership had assets consisting of bills receivable, agencies for insurance companies, and expirations on policies theretofore written, debts due from defendant Spencer, office furniture, all of the total value of $10,000. That the liabilities of said partnership consisted of amount due plaintiff and amount due different insurance companies, in the total sum of $3,000.

The defendant, Spencer, in answer to said petition, pleaded that all of the negotiations regarding the partnership agreement were made by plaintiff with Mrs. Spencer as the agent for W. S. Spencer, and admitted the signing of the contract of partnership, and that the same had existed, and then pleaded that at the time of entering into the contract a part of the consideration for entering into said partnership was the business of the Stone Realty Company, owned by Stone, that was to be brought into the partnership, and Stone represented the returns from said business would amount to some $500 or $600 a month, but said representations were untrue, and that said business only amounted to some $60 or $70 a month. It was alleged that at the time of the partnership agreement, and thereafter, there was an oral agreement entered into between Stone and Mrs.

Spencer, representing Spencer, that if the plaintiff did not bring into the firm any substantial business, he would withdraw from the firm, and would take out of the firm only what he had put into the firm. It was further alleged in the answer that Stone did not devote his time and attention to the business, but devoted most of his time in attending to his own private business and gave no attention to the partnership business. It was further alleged that the partnership had been dissolved by mutual consent on the 1st day of May, 1916, and the accounts balanced, and that on said date Stone withdrew from the firm and that the parties had a settlement, and in support of said allegation it was averred that Stone dictated a notice of dissolution, which was later published in the Daily Oklahoman, and dictated certain letters to different insurance companies advising them that he was retiring from the company and that W. S. Spencer would retain all accounts and assume all liabilities. It was further pleaded that on said date Stone made a written assignment on a certain contract transferring his interest in the business to Spencer. The answer then by way of cross-petition alleged that the plaintiff, Stone, was indebted to the partnership for certain accounts for insurance that was written on the property which Stone owned or had an interest in, and asked for a judgment against Stone for said amounts.

Upon the trial of the case to the court, the plaintiff in error requested the court to make findings of fact and conclusions of law as required by section 5716, Revised Laws 1910, and the court dictated to the stenographer the following findings of fact:

"The court finds that a dissolution of the partnership was effected in the early part of May; that at that time the accounts were balanced with the exception of the Harrah-Stone account of $37.02 and the Vose & Stone account of $76.38, which accounts the plaintiff in this case is only partly liable for, together with the parties named. It will therefore be the judgment of the court that the defendant have and recover judgment against the plaintiff for the costs of this action."

The plaintiff made the following exceptions to said findings of fact and conclusions:

"To all of which findings of fact and conclusions of law the plaintiff excepts and gives notice of appeal and the filing of a motion for a new trial, and asks that same be noted on the journal as requested."

From said judgment, the plaintiff has appealed to this court. For reversal of said judgment, the plaintiff in error has briefed the case upon three propositions, and stated them as follows:

First: Errors of the court in admitting proof of an oral contract of partnership over the objection of plaintiff.

Second: Refusal of the trial judge to make findings of fact and conclusions of law as required by statute.

Third: The finding of fact that the accounts of plaintiff and defendant were balanced on May 1, 1916, was not sustained by any evidence whatever.

We will first consider the contention of plaintiff in error that the trial court refused and failed to make findings of fact and conclusions of law as required by statute. It is the contention of plaintiff in error that the statement by the court which is referred to as findings of facts and conclusions of law, did not amount to findings of fact and conclusions of law as contemplated by the statute, but with this we cannot agree. After the court dictated the findings of fact as above set forth, counsel for plaintiff in error did not request additional findings nor make any exception to what purported to be findings for the reason the findings did not constitute findings of fact and were not a compliance with the statute. The only exceptions were to the findings as being supported by the facts. This case is almost identical with the record in the case of Gulf, C. & S. F. R. Co. v. Williams, 49 Okla. 126, 152 Pac. 395, as follows:

"Whilst the right of a party to have the trial court make separate findings of fact and conclusions of law is a substantial right, the rule is well settled that, where the court attempts to make special findings upon the request of a party, and inadvertently fails to make special findings upon some particular matter in controversy, or makes such findings in too general terms, the court does not thereby commit substantial error unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same."

While the findings of fact may not be as full and complete as the parties anticipated, nor as contemplated by the statute, yet no request for any additional findings were made and the record discloses the findings were considered by all the parties to the case and by the trial court as findings of fact and conclusions of law. The parties having made no objection during the trial of the case, will not now be permitted to say that the findings were not as complete as required by statute.

We will now consider the contention of plaintiff in error that the court erred in admitting proof of an oral contract of partnership over the objection of plaintiff. It is the contention of the defendant in error,

however, that no such evidence was introduced, but the court in permitting certain evidence to be introduced stated his reason as follows:

"The court will permit you to bring out the matters you desire to bring out at the time of entering into the original contract of partnership, not for the purpose of varying the terms of a written contract, but for the purpose of explaining the intention of plaintiff in this case when he wrote defendant's 'Exhibit 3,' and to show what the parties understood at the time of the alleged dissolution of the partnership."

Exhibit 3 which was referred to was a note written by Mr. Stone to Mr. Spencer, which was as follows:

"I assigned and delivered Housel note and contract to Mrs. Spencer. I want to dissolve our partnership, so please figure up just how we stand—that same may become effective at once—giving me credit for what I have earned and charge me with everything properly chargeable against my account so that I can convey whatever interest there may be in my name and be released from any further obligations."

Was such evidence competent for the purpose for which it was introduced? If not, was it prejudicial, and would it require the reversal of the case? The trial court no doubt went on the theory that the written statement of Mr. Stone, to wit: "giving me credit for what I have earned and charge me with everything properly chargeable against my account."—was ambiguous when construed in connection with the partnership agreement, in that Stone did not demand one-half of the earnings of the partnership, but wanted credit only for what he had earned, and the evidence was introduced upon this theory. It was contended by defendant that the written statement supported the theory of the defendant that it had been orally agreed between Stone and Mrs. Spencer that if Stone did not bring any substantial business in the firm. he was only to receive what he earned. This evidence would be inadmissible, under plaintiff's theory of the case, but the question presented, was it admissible under defendant's theory?

In order to determine whether said evidence was admissible upon the theory of defendant in error, it will be necessary to review the history of the case from the defendant in error's standpoint. The contract of partnership in the first instance was a written contract. The substance of the same was that W. S. Spencer sold to Stone a one-half interest in all insurance, real. estate, and rentals business for a consideration of $1,800, and the same was paid by Stone executing a note for $1,800, due on demand,

drawing 8 per cent. interest, and it was agreed it should be paid by applying the proceeds of Stone's one-half interest in the business on the payment of the note. This was done. It was further provided in said contract of partnership that all business and accounts of G. B. Stone Realty Company should be 'brought into the business to be a part of the earnings of W. S. Spencer & Company. The defendant in error contends that Stone did not devote his time and attention to the business, and the business that he brought into the firm only amounted to approximately $60 or $70 per month, and was not sufficient to pay one-half of the running expenses of the business. Mrs. Spencer contended that at the time of entering into the partnership contract it was agreed orally between herself and Stone that if Stone did not bring any substantial business into the company, he would withdraw thereafter at any time, and take out simply what he had put in. Mrs. Spencer testified that in November, 1915, she talked again with Stone about him withdrawing from the firm for the reason he had brought no substantial business into the firm, and Mr. Stone promised he would withdraw as he had agreed to, but suggested he had some substantial business he expected to be able to bring into the firm shortly, and stated that if he did not, he would withdraw, but he did not, and the business continued along in this manner until March, 1916.

In March, 1916, Mr. Stone and Mr. Spencer each sold a one-third interest in the partnership to Mr. Housel for $1,500 and Mr. Housel executed two notes of $750 each, one to Stone and one to Spencer, and they executed a written contract or agreement of partnership with Mr. Housel whereby each was supposed to own a one-third interest in the business. It appears that Mrs. Spencer, who was looking after the business for Mr. Spencer, did not know of this contract until about the 1st of May, 1916. Under the written agreement with Housel it was agreed that Housel, Spencer, and Stone might each draw $125 a month as the earnings from the partnership, but no more. About the 1st of May, 1916, the checks were issued for this amount to each of the parties. Mrs. Spencer, when advised of this fact, took the matter up with Mr. Stone and stated that the partnership with Mr. Housel was not satisfactory and that she would not consent to Mr. Housel staying in as a member of the firm, and that he, Mr. Stone, was not bringing any business into the firm and that she desired that he withdraw from and that he had nothing in the partnersip to sell. Mrs. Spencer testified that Stone promised he would withdraw, and at that time delivered to her the note signed by Mr. Housel and the con-

tract between Mr. Housel and Mr. Spencer, and he wrote on the bottom of the contract the following statement:

"I hereby transfer all right to the above interest without consideration to W. S. Spencer."

It appears that upon this date, or practically the same date, Mr. Stone dictated numerous letters, or at least several letters, to different insurance companies, which letters were as follows:

"This is to advise you that G. B. Stone is retiring from the firm of W. S. Spencer & Co., effective May 1st, 1916, W. S. Spencer retains all accounts and assumes all liabilities."

On said date a notice of dissolution was dictated by Mr. Stone. It was as follows:

"The partnership existing under the name of W. S. Spencer and Co., composed of W. S. Spencer and G. B. Stone, is this day dissolved by mutual consent. W. S. Spencer retaining all accounts and assuming all liabilities from May 1st, 1916."

It was the contention of Spencer that on the same date Mr. Stone wrote the memorandum or note to Mr. Spencer which is heretofore referred to as Exhibit 3. The record further disclosed that when on the witness stand Mr. Stone used the expression which was frequently used throughout the trial by Mrs. Spencer. Mr. Stone, when detailing a conversation with Mr. Spencer, used the expression, "I would not expect to take out any more than I put in," and then explained what he meant by the same. In view of the fact that Mrs. Spencer testified that in November, 1915, she had talked to Mr. Stone about him retiring from the firm and that Stone reiterated the statement that he was willing to get out if he did not bring any substantial business into the firm, and that he did not expect to take out anything that he had not brought into the firm, we are unable to see how the evidence complained of could be prejudicial. If the court believed her testimony regarding the conversation had in November, 1915, it would be immaterial whether they had such a contract or agreement prior to entering into the contract. We do not believe this evidence comes within the rule that it attempted to vary or change the terms of the written contract, but comes within the rule laid down by this court in the case of Haley v. Evans, 29 Okla. 373, 118 Pac. 144, wherein the court stated:

"When the writing does not purport to disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written instrument."

The written contract does not pretend to make any provision for the dissolution of the partnership, and when you read the contract in the light of the circumstances which provide that Mr. Stone would bring certain business into the firm, and he was buying a certain interest in the firm, it would not be inconsistent with, nor would it be repugnant to, the intention of the parties as disclosed by the written agreement for them to agree, if the business Stone intended to bring into the partnership had no material value, they would consent to a dissolution of the partnership and on what terms they would dissolve. While such an agreement might not be enforceable, nor binding upon the parties unexecuted, yet if executed, as contended by the defendant in error, it would become a binding contract. Nor could it be said that said agreement would change the terms of the contract, as the contract upon that question was silent. We do not believe the contention of plaintiff in error upon this point is well taken.

The next question presented is, Was the finding of the court that the parties had dissolved and settled their accounts clearly against the weight of the evidence? This must be determined by considering the following facts: The written agreement between Spencer, Stone, and Housel had the effect of superseding the partnership agreement between Spencer and Stone, and had the effect of dissolving the partnership entered into between Stone and Spencer, and created a new partnership and that Mr. Stone assigned his interest in the new partnership to W. S. Spencer. The letters dictated by Mr. Stone to the insurance companies, the notice of dissolution dictated by Mr. Stone, the testimony of Mr. Spencer that he had furnished Mr. Stone a settlement of the accounts, and Mr. Stone at the time did not object to the same, and the testimony of Mr. Stone that he thought they had agreed upon the contract of dissolution, and the fact that Stone moved his desk from the office about said time—while there is no direct evidence that the parties mutually agreed upon the settlement and balanced their books, yet the many circumstances set out above, we think, are sufficient to support the finding of the court that such a settlement had been made. We are not unmindful of the fact that Mr. Stone has denied all the statements which the Spencers have testified he made, and has explained the reason for writing the numerous letters and the fact that he did not authorize them sent out, although he dictated them, but in view of all these circumstances we are unable to say that the

judgment of the court is clearly against the weight of the evidence upon this point when considering all the facts and circumstances in this case.

For the reasons stated, the judgment will be affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, and RAMSEY, JJ., concur.