## DUNN v. BIRMINGHAM STOVE & RANGE CO.

No. 22857.    Feb. 5, 1935.

M. A. Breckinridge, for plaintiff in error.

Hulette F. Aby. William F. Tucker, and Frank Settle, for defendant in error.

RILEY, J. Plaintiff in error commenced this action in the district court of Tulsa county to recover damages in the sum of $2,950, for alleged breach of contract evidenced by the following:

"Birmingham, Ala.
"March 15, 1929.

"This is to certify that in consideration of the assurance of the Manhattan Furniture Company, of Tulsa, Okla., that they will handle our line of gas ranges, and our coal and wood burning cook stoves, ranges and heaters, with exclusion of all others, and give us a substantial volume of business on them, we are constituting them as our exclusive agents in the city of Tulsa and will protect them in the exclusive sale of our entire line, including all brands thereof."

He alleged, in substance, that after receiving said instrument he gave defendant a substantial business, and in addition thereto incurred considerable expense in advertising the fact that he had become the exclusive agent of the defendant "for the purpose of handling defendant's line of gas ranges, coal and wood burning cook stoves, ranges and heaters." That he ordered several carloads of gas ranges from defendant after March 15, 1929, and established a lucrative business therein, and that he handled defendant's gas ranges exclusively in the city of Tulsa, and had a well-established trade in said ranges; that defendant in the latter part of August, 1929, in violation of contract, began to sell and ship other dealers in the city of Tulsa the products which plaintiff was given the exclusive right to handle, and that such other dealers had advertised and sold to the public and to plaintiff's rightful customers such products; that defendant had shipped to one of plaintiff's competitors a carload of ranges, all in violation of plaintiff's rights. That the profit on said ranges so shipped to said competitor, had plaintiff been permitted to sell same, would have been $1,500; that plaintiff could have sold all of them and could have realized said $1,500 profit thereon had he been permitted to retain his exclusive right as provided in said contract; that he had been damaged in his business generally on account of the breach of said contract in a large sum, in all $2,950, for which amount he prayed judgment.

Defendant denied generally, and alleged that instead of ordering several carloads of ranges from defendant, plaintiff had ordered only ⅔ of one carload of one line of ranges known as the "Gold Medal Range," and had failed and refused to order any other gas ranges, and refused to order any coal or wood burning cook stoves, ranges or heaters; that defendant had never sold to any other dealers in Tulsa any of the line of its products which plaintiff did handle; that on the 14th day of August, 1929, plaintiff had written defendant a letter containing, among other matters, the following:

"We had occasion to go by the City Auction Company of this city and found that they received quite a number of gas ranges in the above-mentioned car. We can't quite understand your action in this matter, inasmuch as we have a contract signed by the vice president and general manager of your concern giving us exclusive sale on your line of ranges ir the city of Tulsa. We construe this breach of faith to simply mean that you have decided to sell the line to any and all dealers that will buy it. We are therefore taking this means of advising you that your line is wide open in the city of Tulsa as far as we are concerned and you may sell it to any dealer that will buy the line."

Reply was by general denial.

The cause was tried to the court, a jury being waived, resulting in a judgment in favor of plaintiff for one dollar and costs.

Plaintiff filed his motion for a new trial, alleging errors of law occurring at the trial; that the judgment was contrary to the law and the evidence, and that recovery or assessment of damages was too small. The motion for new trial was overruled, and plaintiff appeals. The same assignments of error are set up.

The only question urged in the briefs is that the amount of recovery was too small.

Plaintiff in effect contends that inasmuch as the trial court found for plaintiff, though only for a nominal sum, it necessarily follows that the court must have found that defendant wrongfully breached its contract, and if so, plaintiff was entitled to recover at least to the amount which defendant had induced plaintiff to expend on the faith of the contract, and in addition thereto is entitled to recover for anticipated profits, or such profits as the evidence shows he would have made under the contract except for its breach.

There is ample evidence in the record to call for substantial rather than nominal

damages if the agreement or contract relied upon be one which could not lawfully be terminated by defendant at any time without the consent of plaintiff. The first question to be determined is whether the agreement is one terminable at will. The general rule as to contracts of the nature here involved is that where the contract itself provides no definite period of time it shall remain in force, the law presumes it shall last as long as both parties desire, and terminate the will of either party. 2 C. J. 525; Staroske v. Pulitzer Pub. Co., 235 Mo. 67, 138 S. W. 36; Willcox & Gibbs Sewing Mach. Co. v. Ewing, 141 U. S. 627, 35 L. Ed. 882.

Plaintiff cites Ash v. Noble Oil & Gas Co., 96 Okla. 211, 223 P. 175; Cloe v. Rogers, 31 Okla. 255, 121 P. 201, but in each of those cases, the contract relied upon was for a fixed period of time. Other cases are cited, but in none of them is the kind of a contract as here involved, with the possible exception of Kelly-Springfield Co. v. Bobo, 4 F. (2d) 73. But in that case there appears to be a valuable consideration involved which distinguishes the case. Rogers v. White Sewing Mach. Co., 59 Okla. 40, 157 P. 1044; Ark. Valley Town & Land Co. v. A., T. & S. F. Ry. Co., 49 Okla. 282, 151 P. 1028; and Foster v. Atlas Life Ins. Co., 154 Okla. 30, 6 P. (2d) 805, are cases where this court has definitely held that contracts of the nature of the one here involved, which do not fix any time of duration, may be terminated by either party at any time without incurring liability to the other party.

Plaintiff in effect contends that because the trial court found a breach of the contract, and defendant did not file a cross-appeal, he is entitled to a new trial and substantial damages.

We know of no rule of law that entitles a party to a new trial because the trial court gives him more than that to which he is entitled, and the other party does not complain.

Under the well-established rule, plaintiff was not entitled to recover anything. The mere fact that the trial court erred in plaintiff's favor to the extent of nominal damages and costs does not entitle plaintiff to a new trial.

Judgment is affirmed.

McNEILL, C. J. and BUSBY, PHELPS, and GIBSON, JJ., concur.