(No. 2672.)

## BLAKE v. HOOVER MOTOR CO.

### SYLLABUS BY THE COURT

(1) By the adoption of the common law, as recognized in the United States, as the rule of practice and decision, we adopted only so much thereof as was suited to our conditions and circumstances.                   P. 373

(2)    The ancient English statute of Gloucester, providing for treble damages in favor of the landlord and against the tenant for waste of the leased premises, is a harsh rule, which is unsuited to our conditions and circumstances, and has been superseded by the action for single damages. Hence it is not in force in this state.                                    P. 373

(3)    Where findings of fact and conclusions of law, made by the trial court, are included in the record proper, and it appears therefrom that the court erred in its conclusions of law predicated upon the facts found by it, such error may be reviewed in this court.                                    P. 375

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by John H. Blake against the Hoover Motor Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Rodey & Rodey, of Albuquerque, for appellants; Marron & Wood, of Albuquerque, for appellee.

OPINION OF THE COURT

BRATTON, J. Appellee instituted this suit in the court below against appellants for the breach of a rental contract covering a certain garage building with storage and sales rooms for automobiles; situated in the city of Albuquerque. He alleged the appellants had wrongfully removed from such building certain brick, cement, and plate glass, and had placed in lieu thereof two large doors, thereby permitting automobiles to be driven into the front of such building, which had leaked greases upon and thereby soiled the floors of said building. In the first cause of action contained in his complaint he prayed for a mandatory writ of injunction, compelling appellants to restore said building to its original condition, and to refrain from further abusing it in the manner complained of. In the second cause of action, he reaffirmed the allegations contained in his first cause of action pleaded, and prayed for damages in the sum of $2,000. The trial court found for the appellee upon his second cause of action, determined that the actual damage suffered by him was $200,

and thereupon treated the case as one of waste of premises by the tenant, invoked that part of the provisions of the ancient statute of Gloucester (St. 6 Edw. I), concerning damages, and rendered judgment in appellee's favor in treble damages, viz. $600, from which this appeal has been perfected.

[**1, 2**] The single question presented by appellants is whether or not the English statute, referred to, is in force and effect in this state. This statute was enacted in the year 1278, and is in the following language.

"That a man from henceforth shall have a writ of waste in the chancery against him that holdest by law of England, or otherwise for term of life, or for term of years, or a woman in dower. And he which shall be attainted of wate, shall lease the thing that he hath wasted, and moreover shall re-compense thrice so much as the waste shall be taxed at," etc.

This statute in its original form is not available. This quotation is taken from Sachett v. Sachett, 8 Pick. (Mass.) 313. The common law, as recognized in the United States, was adopted as the rule of practice and decision by an act passed in the year 1876, which now appears as section 1354, Code 1915. Thus it is obvious that the English statute, referred to, was enacted about 600 years prior to the time we adopted the common law. It has been many times held by this court that we thereby adopt only so much of the common law, not abrogated by constitutional or statutory law, as was applicable to our conditions and circumstances at the time we departed from the mother country. In Gurule v. Duran, 20 N. M. 348, 149 Pac. 302, L. A. R. 1915 F, 648, it is said:

"While the territorial Legislature, in 1876 (C. L. 1897, § 2871), provided that 'in all the courts in this territory the common law as recognized in the United States of America, shall be the rule of practice and decision.' and the territorial Supreme Court held that the effect of this statute was to ingraft upon our system of jurisprudence the common law, or 'lex nonscripta," and such British statutes of a general nature not local to that kingdom, nor in conflict with the Constitution or laws of the United States or the territory, which were in force at the time of our separation from the mother country (Browning v. Estate of Browning, 3 N. M.

659, 9 Pac. 677), it further held that only so much of the common law was adopted as was applicable to our conditions and circumstances. This construction of the statute quoted has been consistently adhered to for almost 30 years. Any other construction would have resulted in intolerable confusion and hardship, nor could it be properly assumed that it was the intention of the Legislature to adopt all the common law of England which was in force at the time of our independence, for we were living under a different form of overnment, with vastly different conditions surrounding our people. Naturally the courts held that only such part of the common law as was applicable to the changed condition and circumstances under which we lived was adopted and in force here."

With this in mind, we think this ancient statute has never been, and is not now, in harmony with, nor applicable to, our condition and circumstances. It has generally fallen into disuse, or been entirely abolished. It is now, generally speaking, obsolete, and has given way to and been superseded by the action for the recovery of single damages. It is a harsh rule, which we see no sound reason to adopt.

"The action of waste has been rarely brought in this country, and in modern times has been almost, if not entirely, superseded by the action on the case in the nature of waste, as well for permissive as for voluntary waste, as it furnishes a more easy and expeditious remedy than a writ of waste. It is also an action encouraged by the courts, the recovery being confined to single demages, and not being accompanied by a forfeiture of the place wasted." 27 R. C. L. "Waste," § 36, p. 1044.

"The measure of damages for waste has been stated to be the amount which would be required to restore the premises to the condition in which they would have been had no waste been committed. But in England it has been decided that the proper measure of damages is the diminution in the value of the reversion caused by the waste, which may or may not be as great as the cost of restoring the premises to their former condition, and there is at least one decision to that effect in this country. The statute of Gloucester provided that the person guilty of waste should pay 'thrice so much as the waste shall be taxed at.' Similarly, in a number of states, the statute provides that the person committing waste shall be liable in treble damages, while in some the statute provides that he 'may' be made liable in such damages. Occasionally there is a provision for a judgment for double damages." 1 Tiffany on Landlord and Tenant, § 109, p. 735.

See, also, 40 Cyc. 517; Parker v. Chambliss, 12 Ga.

235; Woodward v. Gates, 38 Ga. 205; Townsend v. Moore, 33 N. J. Law, 284.

In reaching this conclusion, we have not overlooked certain cases where treble damages were awarded. Most of these, however, are predicated upon local statutes expressly providing for the same, which render them inapplicable here. The only question here involved is with respect to that part of the statute of Gloucester providing treble damages. Whether or not waste of premises by a tenant may work a forfeiture of the lease is neither involved nor decided.

[3] Appellee contends that this question is not properly before us for consideration, because no transcript of the evidence is incorporated in the record, and under such circumstances the findings of the trial court are conclusive. The trial court made written findings of fact and conclusons of law, and these are shown in the record. The error complained of consists in an incorrect conclusion of the law predicated upon the facts as found by the court. It found as a fact that the actual damages suffered were $200, and then proceeded to apply the law to this fact, and, in so doing, concluded that treble damages should be awarded. This is also restated or recited in the judgment appealed from. In this the trial court was in error.

It follows that the judgment of the trial court should be reversed, and the cause remanded, with instructions to proceed in accordance herewith; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.