## WALTERS v. TULSA RIG, REEL & MFG. CO. et al.

No. 16106—Opinion Filed Dec. 8, 1925.

(Syllabus.)

**1. Contracts—Necessary Parties—Parties to Joint Contract.**

Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition; and where a contract has been entered into between one person as party of the first part and two persons as parties of the second part, and there is a liability on the contract in favor of the two persons constituting the parties of the second part, one of the persons constituting the parties of the second part cannot maintain his action on the contract independently of the other person and base his cause of action upon the contract without making the other person a party to the action, or otherwise explaining his reasons for not so doing. in his pleadings.

**2. Appeal and Error — Discretion of Trial Court—Amendment of Pleadings.**

Amendments to pleadings are largely within the discretion of the trial court, and to authorize a reversal of a judgment because an amendment was not allowed to be filed there must be such a showing as produces a reasonable conviction that it was an abuse of judicial discretion.

Appeal from District Court, Creek County; Fred A Speakman, Judge.

Action by Tulsa Rig, Reel & Manufacturing Company, a corporation, against Sam C, Hall and Belmont Oil & Gas Company, a corporation, and others. Judgment for plaintiff, and defendant J. O. Walters appeals. Affirmed.

Johnson & Miller, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendant in error Tulsa Rig, Reel & Mfg. Company.

PHELPS, J. This cause was originally filed in the district court of Creek county by the Tulsa Rig, Reel & Manufacturing Company against Sam C. Hall and the Belmont Oil & Gas Company. Later L. M. Graham was made a party defendant, and still later, by permission of the court, a number of other persons were made defendants, including the plaintiff in error, J. O. Walters. No affirmative relief was asked by the plaintiff in the court below against any of the defendants except the defendants Sam C. Hall and L. M. Graham and the Belmont Oil & Gas Company, but plaintiff's petition merely alleged that the other defendants, including J. O. Walters, claimed some right, title, and interest in the property involved, and asked that they be required to set up their interest, if any they had.

The action was to foreclose a lien which the defendant in error, Tulsa Rig, Reel & Manufacturing Company, claimed against on oil and gas lease and leasehold estate located in Creek county, the Tulsa Rig, Reel & Manufacturing Company alleging that it had furnished a rig upon the property described, for which it claimed a lien, and asked that its lien be foreclosed. A number of the parties defendant filed cross-petitions, some filed pleas of intervention, but the only pleading so far as the issues involved in this appeal are concerned, were the answer and cross-petition of the plaintiff in error, J. O. Walters. He denies generally the allegations of the plaintiff's petition and sets up as his right, title, and interest in and to the oil and gas leasehold estate, a contract alleged to have been entered into in writing between L. M. Graham, as party of the first part. who purports to be the sole owner of the oil and gas lease, and the plaintiff in error, J. O. Walters, and one A. E. Cunningham, as parties of

the second part. Under the terms of the contract set up in the cross-petition, J. O. Walters and A. E. Cunningham were to drill a well on the lease for an interest in the lease, and also for a money consideration, to be paid by L. M. Graham to J. O. Walters and A. E. Cunningham. The cross-petition was filed by J. O. Walters individually, and alleged that he was entitled to the sum of $4,440 under the terms of said contract, and asks for a foreclosure of his lien, the contract between Graham, as party of the first part, and J. O. Walters and A. E. Cunningham, as parties of the second part, forming the basis of such lien. The cause came regularly on for trial, all parties agreeing to a trial to the court, and when J. O. Walters, who was the cross-petitioner below and plaintiff in error here, attempted to introduce evidence in support of his cross-petition, objection was made upon the grounds that his cross-petition did not state a cause of action in his favor. The court sustained the objection. Walters then asked permission to amend his cross-petition to the extent of including the partnership existing between himself and A. E. Cunningham, which was overruled by the court, to reverse which ruling this appeal is prosecuted.

There are two questions presented by this appeal, to wit: First, did the court commit error in sustaining the objection of the Tulsa Rig, Reel & Manufacturing Company to the introduction of any evidence upon the cross-petition of J. O. Walters upon the grounds that the same did not state a cause of action? And second, did the court err in refusing to permit Walters to amend his cross-petition?

It is the contention of defendant in error that J. O. Walters could not maintain the action by himself without joining A. E. Cunningham, or showing in his cross-petition why he was not joined, as the contract with Graham was a joint contract between Walters and Cunningham. Section 218, Comp. Stats. 1921, provides that:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

And section 220, Comp. Stats. 1921, provides that:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

In Stinchcomb v. Patteson, 66 Okla. 80, 167 Pac. 619, this court held in the first paragraph of the syllabus that:

"All parties who are united in interest as parties plaintiff in the subject-matter of the litigation must be joined as plaintiffs, unless the consent of one who should have been joined cannot be obtained, in which event he may be made defendant; the reason therefor being stated in the petition."

This opinion fully discusses the rule applicable here, and cites a great number of authorities upholding the same, and from an examination of these authorities it appears that in this jurisdiction the rule is so well settled that a lengthy discussion thereof is unnecessary here, and as the contract with Graham was the joint contract of Walters and Cunningham, under the authorities above cited and referred to, clearly Walters alone could not maintain his action under the allegations of his cross-petition.

He also complains because the court refused to allow him to amend his cross-petition, alleging the partnership or joint interest between himself and Cunningham, but it appears from the record that the case had gone to trial, all parties being ready, a great number of parties litigant were present, and, doubtless, the trial court felt that the amendment could not be permitted without a delay and consequent injury and injustice to the other parties to the action, and, as we view it, to allow or refuse the amendment was a matter that was entirely within the sound discretion of the trial court. Back in territorial days in Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 Pac. 654, the Territorial Supreme Court said:

"Amendments to pleadings are largely within the discretion of the trial court, and to authorize a reversal of a judgment because an amendment was not allowed to be filed, there must be such a showing as produces a reasonable conviction that it was an abuse of judicial discretion."

This rule seems to have been followed in this jurisdiction down to the present time. In Mitchell v. Hines, 101 Okla. 38, 223 Pac. 182, this court said in the first paragraph of the syllabus:

"Amendments to pleadings are largely within the discretion of the trial court. To authorize the reversal of a judgment because an amendment was not allowed, it must appear that there was an abuse of judicial discretion."

In the light of these authorities, an examination of the record leads us to the conclusion that the trial court did not abuse its

discretion in refusing the requested amendment.

The judgment is therefore affirmed.

NICHOLSON. C. J.. BRANSON, V. C. J., and MASON, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 30 Cyc. pp. 113, 124. (2) 4 C. J. p. 799, § 2757; 31 Cyc. p. 368.