**UNITED STATES FIDELITY & GUARANTY CO. v. MINNEHOMA OIL CORP.**

No. 15556—Opinion Filed Jan. 12, 1926.

**1. Appeal and Error—Discretion of Trial Court—Amendments to Pleadings.**

The question of allowing amendments to pleadings is addressed to the sound judicial discretion of the trial court, and its action in allowing or refusing same will not be disturbed except in cases where this discretion has been abused.

**2. Corporations — Pleading — Amendment of Answer Changing Defense.**

Where the plaintiff, in its petition, alleged its existence as a corporation and where the defendant's answer consisted of an unverified general denial, the refusal by the court to permit the defendant, on the day of the trial of the cause, to amend its answer by alleging the dissolution of the plaintiff as a corporation, thereby substantially changing the defense pleaded in the answer, was not an abuse of judicial discretion.

**3. Receivers—Set-Off of Receiver's Individual Claim Against Party Entitled to Funds not Allowable.**

A receiver who has been directed by the court to pay out funds collected by him cannot set off his individual claim against the party to whom the court has directed the funds to be paid.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by Minnehoma Oil Corporation, a corporation, against the United States Fidelity & Guaranty Company, a corporation. From judgment in favor of plaintiff, defendant brings error. Affirmed.

Rainey & Flynn, Holtzendorff & Holtzendorff, and Calvin Jones, for plaintiff in error.

Glass & Calvert, Conn Linn, and Kramer & Colley, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Nowata

county on October 20, 1923, by the Minnehoma Oil Corporation, as plaintiff, against the United States Fidelity & Guaranty Company, as defendant. The parties will be referred to as they appeared in the lower court.

Briefly stated, the following are the facts out of which the controversy arose, as stated in plaintiff's petition: The Minnehoma Oil Corporation was a foreign corporation. At one time it owned considerable oil properties in Rogers county, Okla., and had given liens thereon to secure its indebtedness, which indebtedness had matured and was unpaid. The lienholders filed foreclosure suits against the Minnehoma Oil Corporation to collect their debts in the district court of Rogers county. The oil property of the Minnehoma Oil Corporation was producing considerable quantities of oil, and it was deemed necessary to have a receiver appointed to take charge of its property pending the foreclosure proceedings. The district court of Rogers county, in the said foreclosure suits, appointed on October 31, 1919, one W. V. Harner receiver, who gave a bond in the sum of $2,500 as such receiver with the United States Fidelity & Guaranty Company, a corporation, as his surety. The property was finally sold by the receiver, and the lienholders were paid, and also the costs and expenses of the suit and of the receivership. After these payments had been made there remained in the hands of the receiver approximately $1,800, which rightfully belonged to the Minnehoma Oil Corporation. The petition further alleges that the district court of Rogers county, in the foreclosure matter, directed the receiver to pay to the Minnehoma Oil Corporation the sum left in his hands, to wit, $1,800, as shown by the receiver's final report, and that the receiver failed so to do. There was attached to the petition a copy of the order of the district court of Rogers county directing the receiver to pay over the said balance in his hands. There was also attached to the petition a copy of the bond sued on herein.

The receiver, Harner, was not made a party to this action. After motion to quash and demurrer were overruled, the defendant, on the 7th day of April, 1924, filed its answer consisting of a general denial, and admitting that W. V. Harner had been appointed receiver and that he gave the bond mentioned in plaintiff's petition for $2,500 with United States Fidelity & Guaranty Company as surety, but denied that the copy thereof attached to the petition was a correct copy; also especially denied that the copy of the order

of the court of Rogers county settling the receiver's account and directing the payment of said funds in his hands was a correct copy of the judgment or order of that court.

On April 24, 1924, the case was called for trial and the defendant at that time tendered an amendment to its answer, which amendment was to the effect that the plaintiff, Minnehoma Oil Corporation, a corporation, had, prior to the institution of this suit, been legally dissolved in the state of South Dakota, that being the state in which it was created, and also the additional defense that during the pendency of the receivership matter the Minnehoma Oil Corporation was indebted to the said W. V. Harner in a large sum; that the assets of the Minnehoma Oil Corporation were insufficient to pay all of its indebtedness, including the amount due the said Harner, and that the Minnehoma Oil Corporation, through its proper representatives, agreed with the said Harner that the assets of the corporation be sold by the receiver and applied upon the indebtedness to the lienholders, and that any sum remaining be applied upon the indebtedness due W. V. Harner, and that it would be unnecessary for Harner to file any claim in the receivership matter for the sum due him; that the sale mentioned was to be a private sale, and that this agreement was then carried out and the proceeds of the assets of the said corporation were applied upon such indebtedness, and after the expenses and the lienholders were paid, $1,800 was left in the hands of the receiver; that the amount which the corporation owed the receiver on this pre-existing indebtedness due him was considerably in excess of the said $1,800; that therefore the said W. V. Harner, pursuant to the arrangement mentioned, applied the same upon the indebtedness due him. This amendment was sworn to. The court refused the United States Fidelity & Guaranty Company permission to file this amendment to its answer.

There was no dispute about the foreclosure proceedings and the appointment and acting of the receiver, and there was no dispute as to the amount remaining in the receiver's hands after the payments made to the lienholders and the expenses and fees of the receiver. The defendant denied the correctness of the bond as attached to the petition and denied the correctness of the order of the court settling the receiver's account and ordering the amount paid over. The defendant offered also to show the arrangement as set forth in the amendment to the answer with reference to Harner being

authorized and directed by the Minnehoma Oil Corporation to apply the balance left in his hands as receiver upon the indebtedness which was due him personally from the Minnehoma Oil Corporation, which was refused by the court. The defendant also offered to prove that the Minnehoma Oil Corporation had been dissolved and was not in existence at the time the instant action was instituted. This offer was refused by the court.

At the close of the evidence on behalf of the plaintiff, the defendant, United States Fidelity & Guaranty Company, demurred to the evidence on behalf of the plaintiff, which was overruled. At the close of all the evidence, upon motion of the plaintiff, the court directed a verdict in favor of the Minnehoma Oil Corporation and against the United States Fidelity & Guaranty Company. Motion for new trial was filed by the defendant, which was overruled and exceptions taken. Judgment was rendered against the United States Fidelity & Guaranty Company in the sum of $1,690, with 6 per cent. interest from January 1, 1922, pursuant to the verdict of the jury.

For reversal of the judgment counsel for defendant have presented in their brief a number of propositions, the first of which is that the court erred in refusing to permit the defendant to file an amendment to its answer to the effect that the plaintiff had been dissolved as a corporation prior to the institution of this action, and that therefore it had no legal existence, and that the court further erred in refusing defendant's offer to prove the fact alleged in the amendment.

"The question of allowing amendments to pleadings is addressed to the sound judicial discretion of the trial court, and its action in allowing or refusing same will not be disturbed except in cases where this discretion has been abused." Cohee v. Turner & Wiggins, 37 Okla. 778, 132 Pac. 1082.

Section 318, C. S. 1921, provides that the court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading by inserting other allegations material to the case when such amendment does not change substantially the claim or defense.

The record discloses that after Mr. Harner had been receiver for something over a year, he filed his final report, wherein he set forth his receipts and disbursements, and among other things he asked the court to allow him a receiver's fee in the sum of $600 per month. His report shows that

after the payment of the mortgage indebtedness owing by the Minnehoma Oil Corporation, the receiver's fee in the sum of $5,300, which the court allowed, and all other debts, claims, and expenses in connection with the debts and receivership, he had on hand the sum of $1,800, and this sum of money the court directed him on May 11, 1921, to pay over to the Minnehoma Oil Corporation. The record further shows that during the period from 1919 and up to October 20, 1923, the date of the filing of this action, the receiver was represented by counsel. It therefore would seem that if the defendant had used ordinary diligence it could have ascertained the facts with reference to the corporate existence of the Minnehoma Oil Corporation long prior to the day of trial. Furthermore, we think the amendment which the court refused would have substantially changed the defense pleaded in the answer.

The cases cited by the defendant on the general proposition, that a corporation that has been dissolved or is legally dead cannot maintain an action (Great American Insurance Co. v. Farmers' Warehouse Co., 91 Okla. 118, 217 Pac. 208, and cases there cited), have no application here, since the same do not come within the issues presented in this case; the defendant having admitted the corporate existence of the plaintiff by failing to deny under oath the same in its answer to the petition. We think the plaintiff properly alleged the existence of itself as a corporation, and as the defendant did not deny such corporate existence under oath, the refusal by the trial court to permit the amendment in question on the day of the trial was a proper exercise of judicial discretion, and the trial court did not err in refusing to permit the defendant to prove that the plaintiff corporation was dissolved.

Section 287, C. S. 1921, provides, among other things, that:

"In all actions, allegations of the * * * existence of a corporation * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

It is earnestly contended that the court erred in permitting the plaintiff, over the objection of the defendant, to prove a judgment of the district court of Rogers county in settling the account of the receiver and ordering the distribution of the funds. The argument is that the plaintiff did not offer in evidence the journal of the court containing such journal entry, or take any deposition to which a copy of such journal entry was attached. It appears that the plaintiff introduced in evidence the original signed journal entry of judgment identified by the clerk having its custody. If there was any defect or error in the manner of proving the judgment of the district court of Rogers county, the defendant cannot urge such defect in plaintiff's proof in view of the fact that the defendant, in its answer, states that "the order of the district court directing and requiring the receiver to pay the balance shown by his report to the court clerk of Rogers county, Okla., has never been modified or vacated." It is true the defendant further alleged in its answer that:

"The defendant denies that the court ever authorized or directed the receiver to pay the sum of $1,800 to the plaintiff or to any one else other than the court clerk of Rogers county, and denies that the purported copy of the judgment attached to the plaintiff's petition, as Exhibit 'B,' is a true and correct copy of the judgment and order of said court in said cause."

This proposition is based on the contention that the Rogers county judgment required the defendant to pay the $1,800 balance in his hands to the court clerk of Rogers county, whereas the journal entry of judgment introduced on the trial required the defendant to pay the money in question to the Minnehoma Oil Corporation; but as the record discloses the defendant did not pay the money to either the court clerk or the Minnehoma Oil Corporation, it is difficult to see how the defendant was prejudiced in any manner.

The record further discloses that counsel for the defendant, in his opening statement, used the following language:

"I think the evidence in this case will show that when the hearing was had down there on the receiver's final report it showed a balance in his hands, in the hands of Mr. Harner, as receiver, of something like $1,800, and the court made an order directing that the receiver pay that to the Minnehoma Oil Corporation."

In view of the fact that defendant admitted, in its answer, that a judgment was rendered directing the receiver, Harner, to pay the $1,800, and that plaintiff alleged and proved it should be paid to the Minnehoma Oil Corporation, and that upon the trial the defendant, through its counsel, admitted this to be true, as shown by his opening statement, defendant cannot attack the manner in which the original signed judgment was introduced in evidence by the court clerk who had the actual custody of the files and records of the court clerk's office.

It is further contended that the trial court committed error in not permitting defendant to prove a personal set-off against the funds in the receiver's hands. Having concluded from an examination of the evidence disclosed by the record that the receiver retained the balance of $1,800 in his hands after the payment of the claims of lienholders and the expenses of the receivership, and his individual compensation as allowed by the court on the theory that he had a right to set off his personal claim against the Minnehoma Oil Corporation, only one result can be reached. When a person accepts an appointment as a receiver he must not permit his personal interest to in any wise conflict with his duty in this respect. Magruder v. Drury, 235 U. S. 106-119; Ravlin v. Chicago, A. & De K. R. Co. (Ill.) 129 N. E. 730-736: 23 R. C. L. secs. 83, 84, pages 77, 78.

A receiver who has been directed by the court to pay out funds collected by him cannot set off his individual claim against the party to whom the court has directed the funds to be paid. Wood & Co. v. Wilcox, 14 Ky. L. Rep. 574.

In Johnson v. Gunter, 6 Bush (Ky.) 534, the court said:

"If the mere agent or instrument of the court can be permitted, after receiving funds under its order, to set up claims to them wholly foreign to the object of his appointment, the position of receiver is perverted into that of a speculator in funds, constructively at least in court, and their destiny becomes as uncertain after they enter the precincts of the court as before. The court will not thus permit itself to be made a quasi suitor."

Counsel for defendant do not question the rule announced in the cases referred to, to the effect that money in the hands of a receiver cannot be set off by a personal claim of the receiver, but contend that the court erred in not permitting the defendant to introduce testimony to show that a representative of the Minnehoma Oil Corporation and Mr. Harner, the receiver, had an oral understanding that after the payment of the filed claims the excess might be paid to Mr. Harner to be applied upon the indebtedness due him. With respect to this proposition it is sufficient to say that the record discloses that during all the time that Mr. Harner was receiver, he did not mention such an alleged claim against the Minnehoma Oil Corporation. No mention of such claim is made in his elaborate and fully detailed report, nor is any allusion made to such claim in the order and judgment approving the final report of the receiver which directed him to pay over the balance of $1,800 remaining in his hands. In his report the receiver states that:

"* * * No other matters are left with reference to the cause of action in either of said cases except the acting upon and the settling of the report of this receiver."

This statement is made under the receivers's oath after he had itemized every expense item or claim that would be properly paid out of the money received by him as such receiver. The receiver's sworn statement attached to his final report shows total receipts for the time of his receivership of $16,549.79, less expenses of $9,061.75, leaving a balance in his hands of $7,488.04. Of this balance the receiver asked the court to allow him, as his compensation, $600 per month for his services, The court approved his report and allowed him the sum of $5,300 as his compensation, and ordered the receiver to pay the balance remaining in his hands, to wit, $1,800, to the Minnehoma Oil Corporation. In the light of the entire record, we think the trial court properly instructed the jury to return a verdict in favor of the plaintiff for $1,690, deducting the amount of costs and premium on receiver's bond paid out by the receiver since the report was approved.

We think the judgment should be affirmed.

Defendant in error in this case has asked for a judgment against the surety on the supersedeas bond filed herein in the event the judgment of the trial court should be affirmed, it appearing that judgment herein was superseded by a bond on which the Maryland Casualty Company was surety. Judgment is therefore rendered against the said surety on the supersedeas bond.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 799 § 2757. (2) 14a C. J. p. 849 § 2973. (3) 34 Cyc. p. 345.