Olen E. CREEKMORE, Alta Sue Creekmore, F. Jane Gillespy, and Cheryl Lieberman, Appellants/Cross-Appellees,

v.

REDMAN INDUSTRIES, INC., a Delaware corporation, and Redman Homes, Inc., a Delaware corporation, Appellees/Cross-Appellants.

Nos. 57596, 57879.

Court of Appeals of Oklahoma, Division No. 1.

May 24, 1983.

Rehearing Denied July 19, 1983.

Released for Publication by Order of Court of Appeals Oct. 21, 1983.

Jones, Givens, Gotcher, Doyle & Bogan, Inc. by Alfred K. Morlan, Graydon Dean Luthey, Jr., Tulsa, for appellants/cross-appellees.

Hall, Estill, Hardwick, Gable, Collinsworth & Nelson, P.C. by Frank M. Hagedorn, Tulsa, for appellees/cross-appellants.

ROBINSON, Judge:

In 1964, Appellants entered into a ten-year lease agreement containing automatic renewals for a period covering an additional fifty years with Appellees' assignor for a tract of land and industrial buildings in Tulsa County, Oklahoma. The lease agreement contains, among other things, a covenant against waste. No forfeiture provision for waste is contained in the lease, however, termination of the lease is specifically provided for in certain specified instances such as default in the payment of rent. The lease also provides for additions, alterations and manner of increased rental payments therefor.

Appellants brought this action seeking termination of the lease agreement for acts of waste, damages for commission of waste and for punitive damages. A partial summary judgment was granted Appellees by the trial court as to that portion of the Appellants' petition seeking termination of the lease. The court stated that neither Oklahoma statutes, nor the lease agreement provide for termination of a lease for waste and that Appellants' remedy for waste was a claim for damages. Jury trial was held on this issue and the jury returned a verdict for $20,000.00 actual damages and no punitive damages.

Appellants in this action also sought immediate possession of Tract B, a parcel of land adjacent to the north of Appellants' land covered by the 1964 lease. Tract B was purchased by Appellants at the request of Appellees in 1966. Thereafter, Appellees extended the fence to include Tract B and commenced paying increased monthly rental. Appellants contend that the lease of Tract B was a month-to-month tenancy, while Appellees contend that Tract B is covered by the original lease agreement as an "addition". The trial court ruled that the Tract B issue would not be submitted to the jury and reserved ruling on the same. Some two months after the jury trial, the

trial court ruled that Appellants were entitled to immediate possession of Tract B and awarded judgment to Appellants for attorney's fees and denied Appellees' motion for attorney's fees.

Appellants, in their appeal, present two propositions of error: (1) whether the trial court properly granted Appellees' motion for partial summary judgment denying forfeiture of the lease for commitment of waste; and (2) whether the trial court correctly refused to instruct the jury that Appellants were entitled to treble damages under 21 O.S.1981 § 1760.

Appellees, in their cross-appeal, present three propositions of error: (1) whether the court erred in allowing Appellants to maintain an action for damages for waste prior to the expiration of the lease agreement; (2) whether the court erred in arbitrarily setting December 1, 1978, as the date on which to measure damages and further erred in allowing evidence of photographs taken prior to and during the time Appellees were making repairs; and (3) whether the court erred in its instructions to the jury, numbered 6, 7, 8, 9, 11, 13 and 14.

For their separate appeal of the trial court's subsequent order (which has been consolidated with the Appellants' original appeal), Appellees assert two additional propositions of error: (1) whether the court erred in finding that Tract B was not an addition under the terms of the lease agreement and in awarding possession thereof to Appellants; and (2) whether the court erred in awarding judgment to. Appellants for attorney's fees and denying Appellees' mo-

tion for attorney's fees when both parties were partially successful.

### I.

Appellants contend that the Statute of Gloucester,[1] enacted in 1278, provides for a forfeiture in the event of waste by a tenant for years and that Oklahoma having adopted the common law[2] likewise adopted this statute. Appellees, on the other hand, contend that Oklahoma does not recognize English statutes as part of the common law but construes the common law only to include the unwritten and decisional court law of England.

■ We can find only four cases where this issue has been addressed by the Supreme Court. Two of these cases construed the law prior to statehood.[3] These two early decisions stated that the territory of Oklahoma was governed by the rule of common law as recognized and promulgated by the American courts; such law to include not only the unwritten English law but such English statutes mandatory of the common law, which were in general application and suited to our conditions, and which were enacted prior to the settlement of the colonies. The two later Oklahoma decisions[4] do not address the issue of whether Oklahoma recognizes English statutes as part of the common law. However, in most states English statutes are a part of the common law when such English statutes were adopted prior to the settlement of our colonies and are of a general nature and suitable to conditions in the states.[5] Only

---

**1.** 6 Edw. I, c. 5: "It is provided also, that a man from henceforth shall have Writ of Waste in the Chancery against him that holdeth by Law of England, or otherwise for Term of Life, or for Term of Years, or a Woman in Dower. (2) And he which shall be attainted of Waste, shall leese (lose) the thing that he hath wasted, and moreover shall recompense thrice so much as the Waste shall be taxed at...."

**2.** 12 O.S.1981 § 2: "The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma; but the rule of

the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

**3.** *McKennon v. Winn,* 1 Okl. 327, 33 P. 582 (1893); *Hoppe Hardware Co. v. Bain,* 21 Okl. 177, 95 P. 765 (1908).

**4.** *Phillips v. Chambers,* 174 Okl. 407, 51 P.2d 303 (1935); *McCormack v. Oklahoma Publishing Co.,* 613 P.2d 737 (Okl.1980).

**5.** 15A C.J.S. Common Law § 4.

three states have not adopted this view.[6] We agree with the majority view and therefore shall follow the two pre-statehood Oklahoma decisions that English statutes adopted prior to the settlement of our colonies that were in general application and suited to our conditions as recognized and promulgated by the American courts are part of the common law of Oklahoma.

We must now determine whether the Statute of Gloucester was an English statute that was recognized and promulgated by the American courts as appropriate to the different conditions and situations of an early America? The Statute of Glouscester changed the common law punishment for waste to forfeiture of the thing wasted and treble damages.[7] The Statute of Glouscester was ignored for more than 300 years in England after its enactment, and was repealed in 1879. According to Restatement, Second, *Property* § 198, this early English statute has not become a part of the law of an American state in the absence of an express reenactment thereof. "The automatic reception of early English statutes is restricted to those suitable to the different conditions and situations of the New World. The English treatment of this statute as obsolescent, together with the severity of the provisions for treble damages and forfeiture, justify the position stated in this section." *Id.* It is generally held that the Statute of Glouscester did not become a part of our common law as the strict English law of waste has never been appropriate to a new country like ours.[8] We hold pursuant to the clear weight of authority that Oklahoma has not adopted the Statute of Gloucester as a part of the common law. Absent a permissible statute, forfeiture as a remedy for waste is not available. Oklahoma has no such statute. We conclude that the trial court did not err in granting Appellees' motion for partial summary judgment denying Appellants' attempt to terminate the lease for commitment of waste.

## II.

Appellants assert that they are entitled to treble damages for intentional destruction of the leasehold premises provided by 21 O.S.1981 § 1760.[9] The trial court refused to instruct or allow treble damages under § 1760. Section 1760 is a criminal statute for malicious mischief. Because of the clear language "in addition to the punishment prescribed therefor", before Appellant may file a civil action for treble damages, he must establish the elements of malicious mischief as prescribed by decisions of the Oklahoma Court of Criminal Appeals. Malice toward the owner of the property defaced or destroyed is the gravamen of the offense of malicious mischief and must be proven in a criminal action beyond a reasonable doubt.[10] This case is a civil action for damages for waste and not a criminal matter. Nowhere in the record does it reflect that Appellees have been convicted of the misdemeanor offense of malicious mischief. We hold that 21 O.S. 1981 § 1760 pertains to malicious acts of a criminal nature and is not applicable in the instant case.

## III.

Appellees assert that the trial court erred in allowing Appellants to maintain an action for damages for waste prior to the expiration of the lease agreement. Article XI.A., of the lease agreement, enti-

6. 15A C.J.S. Common Law § 4, fn. 41.

7. 93 C.J.S. Waste § 3.

8. 15A C.J.S. Common Law § 13, fn. 37; *Worthington Motors v. Crouse*, 80 Nev. 147, 390 P.2d 229 (1964); *Smith v. Smith*, 219 Ark. 304, 241 S.W.2d 113 (1951); *Blake v. Hoover Motor Co. et al.*, 28 N.M. 371, 212 P. 738 (1923).

9. 21 O.S.1981 § 1760 provides: "Every person who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than such as are specified in the following sections, is guilty of a misdemeanor, in addition to the punishment prescribed therefor, he is liable and treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."

10. *Moran v. State*, 316 P.2d 876 (Okl.Cr.1957).

tled Repair and Maintenance,[11] clearly contains two separate covenants; a covenant to keep in repair and a covenant to restore the premises in repair at the expiration of the lease agreement. Each of these independent covenants is capable of breach and a landlord may maintain an action for want of repair before the end of the term. A breach of the covenant to return the premises in repair, however, cannot be made until the time at which the premises are restored to the landlord, and for that breach, the tenant would be liable at the end of the term.[12] We therefore hold that Appellants action for damages for waste can be maintained prior to the expiration of the lease agreement.

### IV.

Appellees assert that the court erred in setting December 1, 1978, as the date on which to measure damages and further erred in admitting photographs taken prior to and during the time Appellees were making repairs. When the injury to real property is "remediable, removeable, or abateable," damages are called "temporary" or "continuing" damages, and the recovery allowed will be those damages which have accrued to the date of the suit.[13] Appellants filed their petition in this case on December 1, 1978, and said petition prayed for damages due to waste that accrued up to the time of filing. Therefore, the trial court's December 1, 1978 designation was proper, and the admittance of photographs taken of the leased premises some four months before the filing of Appellants' peti-

tion depicting the damages to the leased premises also was proper. The photographs of the leased premises taken after December 1, 1978, were properly admitted by the trial court depicting Appellees' repairs to the buildings in order to show Appellees' mitigation, abatement and reduction of damages, and were certainly not prejudicial to Appellees.

Appellees further assert that Appellants were aware of part of the damage to the leased premises more than two years prior to the commencement of this action, and therefore, the statute of limitations barred Appellants' action in part.[14] Statute of limitations is an affirmative defense which must be pleaded by the party asserting it and when it is not pleaded, it is waived.[15] Appellees attempted on the date of trial, some two years after commencement of this action, to amend their answer to include the defense of certain alleged damages being barred by the statute of limitations. The court denied Appellees' motion. Some ten days before the trial, Appellees filed a motion for partial summary judgment asserting a statute of limitations defense. The record reflects that this motion was never ruled upon by the trial court. We hold that refusal by the trial court to permit Appellees on the date of trial to amend their answer by alleging a statute of limitations defense was not an abuse of discretion.[16]

Lastly, Appellees, under this proposition, allege several additional errors.

---

11. Article XI.A. provides: "Repair and Maintenance.... The Lessee shall at its sole cost and expense keep and maintain the remainder of the improvements, and every part thereof, in good, sanitary and safe order, condition and repair. The Lessee shall keep the grounds of the premises in sanitary and safe order. By acceptance of the demised premises, Lessee accepts the same as being in good, sanitary and safe order, condition and repair, and agrees that on the last day of said term, renewal, or sooner termination of this lease, it shall surrender to the Lessor all and singular the said demised premises with the said appurtenances thereto in essentially the same good, sanitary and safe order, condition and repair, ordinary wear and tear excepted....

12. *Klayman v. Putter,* 171 Okl. 215, 43 P.2d 150 (1935).

13. 22 Am.Jur.2d *Damages,* § 28.

14. 12 O.S.1981 § 95.

15. *Labor Inv. Corp. v. Russell,* 405 P.2d 1008 (Okl.1965).

16. *U.S. Fidelity and Guaranty Co. v. Minnehoma Oil Corp.,* 116 Okl. 10, 243 P. 154 (1926); *Walters v. Tulsa Rig, Reel & Mfg. Co.,* 113 Okl. 293, 241 P. 1095 (1926).

We will only briefly discuss them. (1) We find that the trial court acted properly in excluding Appellees' evidence offered to establish the value of the leased premises at the time of trial, as such evidence was immaterial. (2) We find that the trial court did not err in allowing Appellants to introduce evidence regarding alleged structural and exterior damage to the improvement even though a lease provision provided that lessor would maintain the structure and the exterior of the improvements, as the alleged intentional acts of the Appellees in damaging structural supports and exterior walls did not fall under the classification of "maintenance". (3) The measure of damages to be applied in this case is the reasonable costs of repairing the property or restoring the property to its former condition and the court so instructed in Instruction No. 10.[17]

## V.

Appellees object to certain of the trial court's jury instructions. We have reviewed the instructions and when considered as a whole, we find they fairly instruct the jury as to the law applicable to the issues raised by the pleadings and the evidence.[18]

## VI.

Appellees contend that the court erred in finding that Tract B was not an addition under the terms of the lease agreement but was a month-to-month tenancy. Appellees concede that the lease agreement, as originally written in 1964, contemplated that "additions" under Article V of such agreement would refer only to the construction of new buildings or appurtenances. Nonetheless, Appellees contend that the terms of the lease were orally

modified by action of the parties to include Tract B upon its purchase. For this proposition, Appellees rely on 15 O.S.1981 § 237, wherein it is stated "a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise". Such reliance is misplaced as an "executed oral agreement" must be established by positive, clear and convincing evidence,[19] and evidence of this quality simply cannot be found in the record. In addition, the lease agreement, in Article XXII provides that "no alterations, amendments or modifications of said terms shall be binding upon the parties hereto, unless first reduced to writing and signed by both parties hereto." We therefore find that the trial court did not err in finding that Tract B was not an addition under the terms of the lease agreement and in awarding possession thereof to Appellants.

## VII.

Finally, Appellees contend that the trial court erred in awarding judgment to Appellants for attorney's fees and denying Appellees' motion for attorney's fees when both parties were partially successful. Appellants commenced this action seeking (1) termination of the lease agreement for waste, (2) damages for waste, and (3) punitive damages. The trial court granted Appellees motion for partial summary judgment as to the issue concerning forfeiture of the lease agreement for waste. Appellees seek attorney's fees for the two-year period from commencement of this action to the court's sustaining of Appellees' motion for partial summary judgment. They claim they were the "prevailing party" in this phase of the litigation under 12 O.S.1981 § 936.[20] We do not decide whether Appel-

17. *Ellison v. Walker,* 281 P.2d 931 (Okl.1955).

18. *Kimery. v. Public Service Co. of Oklahoma,* 622 P.2d 1066 (Okl.1980).

19. *Dewberry v. Universal C.I.T. Credit Corp.,* 415 P.2d 978 (Okl.1966).

20. 12 O.S.1981 § 936 provides: "In any civil action to recover on an open account, a statement of account, account stated, note, bill, ne-

gotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject (of) the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

lees were a "prevailing party", as we find that an award of attorney's fees based upon § 936 would be improper, because the lease agreement of real property and appurtenances thereto do not qualify as contracts "relating to the purchase or sale of goods, wares, or merchandise", a "statement of account", an "account stated", or "for labor or services". An action for termination or forfeiture of the instant lease agreement for waste clearly does not fall within § 936.

For the foregoing reasons we affirm. AFFIRMED.

REYNOLDS, P.J., and YOUNG, J., concur.