930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
C & L MARKETING, INC., an Oklahoma corporation, Plaintiff-Appellant,
v.
EMCAT, INC., a New Mexico corporation, and Claud W. Walker,
Defendants-Appellees.
 No. 89-5198.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1991.
 
 N.D.OKL., No. 89-C-587-B.
 N.D.Okl.
 AFFIRMED.
 Before HOLLOWAY, Chief Judge, and BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff-appellant C & L Marketing, Inc. (C & L) sued defendants-appellees Emcat, Inc. and its president, Claud Walker, (collectively, Emcat) to enjoin them from further breaching their exclusive distribution contracts. C & L also sought a declaratory judgment that the contracts continued in effect despite Emcat's termination for C & L's failure to make payments. The district court denied C & L's claims and awarded Emcat $7,000 damages to compensate for goods shipped and received but not paid for. The district court found C & L waived Emcat's known breaches in a superseding contract and that Emcat's subsequent breach was immaterial. The court also found that C & L's failure to pay was a material breach not waived by Emcat. The court found Emcat's termination of the contracts proper. For the reasons stated by the district court, we AFFIRM in all respects.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF OKLAHOMA
 
 3
 C & L MARKETING, INC., an Oklahoma corporation, Plaintiff,
 
 
 4
 vs.
 
 
 5
 EMCAT, INC., a New Mexico corporation, and CLAUD W. WALKER,
 
 
 6
 Defendants.
 
 No. 89-C-587-B
 Oct. 30, 1989
 FINDINGS OF FACT AND CONCLUSIONS OF LAW
 
 7
 This action to enforce the written terms of an exclusive license to distribute a product patented by Defendants, and enjoin Defendants from terminating said agreement, came on for trial to the Court, sitting without a jury, on October 24, and 25, 1989. By way of a counterclaim the Defendants seek money damages for failure to pay for product and also seek declaratory relief from the Court to the effect that the exclusive distributorship agreement has been terminated by reason of Plaintiff's breach thereof.
 
 
 8
 Following a review of the evidence, arguments of counsel, and the applicable legal authorities, the Court enters the following Findings of Fact and Conclusions of Law:
 
 FINDINGS OF FACT
 
 9
 1. At the commencement of the trial the parties entered into a stipulation of facts relative to the following:
 
 
 10
 A. The parties agreed the Court has jurisdiction pursuant to 28 U.S.C. Sec. 1332 and venue pursuant to 28 U.S.C. Sec. 1391.
 
 
 11
 B. Plaintiff C & L and Defendants, EMCAT and Walker, entered into a series of contracts beginning May 1, 1986 and ending November 5, 1988.
 
 
 12
 C. The current contract involving the emission catalyst device under Patent No. 4,715,325 between the parties is August 31, 1988.
 
 
 13
 D. The current contract involving the oil field catalyst devices under Patent 4,789,031 is the November 1, 1988, contract.
 
 
 14
 E. Plaintiff C & L has not paid the minimum monthly purchase amount of $6,000.00 per month as per Section 3.06 of the August 31, 1988 emission catalyst contract since November of 1988, except for an order of $7,972.00 on May 25, 1989, and an unpaid order of $7,000.00 on June 30, 1989.
 
 
 15
 F. On May 2, 1989, Defendants EMCAT and Walker's attorney, Kenneth B. Wilson, gave written notice pursuant to Article IV, Section 4.02(c) that Defendants EMCAT and Walker intended to cancel their contract with Plaintiff C & L for failure to purchase and pay the minimum purchase amount of $6,000.00 within 60 days of the above date. Notice was also given that Plaintiff C & L could cure said breach by purchasing and paying the minimum amount due under the contract.
 
 
 16
 G. On May 12, 1989, Plaintiff C & L's attorney, Jerry Reed, wrote a letter to Defendants EMCAT and Walker's counsel, Kenneth B. Wilson, which stated that Plaintiff C & L has refused to pay the minimum purchase amount because of the alleged breach of the exclusivity provision contained in Section 2.01, caused by David Rowland.
 
 
 17
 H. On June 16, 1989, the United States District Court for the Western District of Texas, Midland-Odessa Division, the Honorable Judge Lucius D. Burnton presiding, found against David A. Rowland and David A. Rowland Engineering Company, Inc., by finding them guilty of patent infringement; that Mr. Rowland's contract to sell had been terminated and that he be permanently enjoined.
 
 
 18
 I. On May 25, 1989, Plaintiff C & L ordered $7,972.00 of emission catalyst devices with credit for $2,752.00 for emission catalyst devices which were being returned to Defendants EMCAT and Walker and credit for $2,171.47 for fittings, leaving a balance due of $3,048.53.
 
 
 19
 J. On June 29, 1989, the Defendant EMCAT and Walker's attorney, Kenneth B. Wilson, wrote a letter to Plaintiff C & L's attorney, Jerry Reed, informing Plaintiff C & L of the Rowland decision and again advising Plaintiff C & L that they must comply with the demand letter dated May 2, 1989.
 
 
 20
 K. The August 31, 1988 contract provides at Section 3.04(c) the following, regarding the payment for goods shipped to Plaintiff C & L:
 
 
 21
 The Distributor shall pay the Company for emission catalyst devices on the following terms:
 
 
 22
 (i) for any order of Six Thousand Dollars ($6,000) or less, payment shall be in cash or certified funds on delivery;
 
 
 23
 (ii) for any order in excess of Six Thousand Dollars ($6,000), one-half ( 1/2) of the total amount due shall be paid in cash or certified funds at the time such order is placed, and the balance shall be paid in cash or certified funds on delivery.
 
 
 24
 L. On July 6, 1989, Plaintiff C & L's attorney, Jerry Reed, wrote a letter to the Defendants EMCAT and Walker's counsel, Kenneth B. Wilson, which stated that if David Rowland has not appealed they would be willing to go forward under the contract with its minimum purchase requirement.
 
 
 25
 M. On July 6, 1989, Defendants EMCAT and Walker's counsel, Kenneth B. Wilson, wrote a letter to the Plaintiff C & L's counsel, Jerry Reed, which stated that the emission catalyst contract with Plaintiff C & L was being terminated.
 
 
 26
 N. On July 17, 1989, Defendants EMCAT and Walker's counsel, Kenneth B. Wilson, wrote a letter to Plaintiff C & L's counsel, Jerry Reed, which stated that David Rowland had filed an appeal; however, the restraining order would remain in effect during the pendency of the appeal. Defendants EMCAT and Walker restated that their contract with Plaintiff C & L had been terminated but offered to sell the emission catalyst device on a nonexclusive basis.
 
 
 27
 O. Plaintiff C & L's only subdistributor now under contract is one Siegfredo Chavez.
 
 
 28
 P. Defendants EMCAT and Walker, in their second counterclaim, filed as a part of their first answer on August 25, 1989, have given notice of their intent to cancel, at will, the November 1, 1988 contract concerning the oil field catalyst device.
 
 
 29
 2. That Plaintiff C & L Marketing, Inc. ("C & L") is a corporation incorporated under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma. The Defendant, EMCAT, Inc. ("EMCAT"), is a corporation incorporated under the laws of the State of New Mexico, having its principal place of business therein. The Defendant, Claud W. Walker ("Walker"), is an individual residing in the State of New Mexico. The amount in controversy exceeds the statutory jurisdictional amount.
 
 
 30
 3. C & L, EMCAT and Walker entered into a settlement agreement (Defendants' Exhibit 8) on November 5, 1988, whereby the parties mutually determined what amounts were due to each other from their previous dealings under the various emission catalyst device contracts which began on February 2, 1988. The closing statement (Defendants' Exhibit 8) is an addendum to the August 31, 1988, emission catalyst contract and specifically states, "the agreement of November 5, 1988, shall control the future conduct of the parties."
 
 
 31
 4. At the time of the settlement agreement (Defendants' Exhibit 8), in early November 1988, it was known to the parties that one Lee Groff and one David A. Rowland were making claims of rights to sell the emission catalyst device in conflict with C & L's exclusive distributor license. Defendants settled with Groff and his distributors so they were no longer in the market. In November 1988, there remained the conflicting claims of Rowland, which the parties knew would probably require litigation to solve. (See Finding of Fact # 1H). Additionally, evidence established that Defendants had made sales of a small number of emission control devices to a company named JWA, Inc. of Abilene, Texas, for use on their own vehicles, in violation of Plaintiff's exclusive distributor license.[1] The Court concludes that while a technical violation of Plaintiff's exclusive distributor license, the sales to JWA, Inc. involved only a small number of devices so as not to be considered a material breach.
 
 
 32
 5. C & L offered evidence that in December 1988, Daywalt, on behalf of C & L, and Walker, on behalf of EMCAT, orally agreed that the $6,000.00 minimum monthly payment and purchase required by the exclusive license agreement (Plaintiff's Exhibit 1) need not be paid until six (6) months following settlement or conclusion of the Rowland dispute which was in litigation. Walker testified no such oral agreement was entered into. In any event, such purported agreement was not reduced to writing. Plaintiff's evidence reflected that the sole reason for not paying said $6,000.00 per month since November 1988, was the alleged executed oral agreement.
 
 
 33
 6. On January 9, 1989, C & L's attorney wrote a letter (Plaintiff's Exhibit 2) to Defendant's attorney whereby he proposed that the minimum $6,000.00 monthly payment and purchase requirement be suspended until six (6) months after successful resolution of pending lawsuits between EMCAT and Walker and David A. Rowland, Case Nos. MO-88-CA-304 and MO-88-CA-308 in the United States District Court for the Western District of Texas, Midland-Odessa Division. The Defendants did not execute this proposed written amendment to the exclusive distributor license agreement. (Plaintiff's Exhibit 1).
 
 
 34
 7. On February 1, 1989, Defendants' attorney by letter (Defendants' Exhibit 10) made a written demand on Plaintiff to pay the $6,00.00 minimum monthly purchase amounts due and owing and delinquent since November 1988.
 
 
 35
 8. The emission catalyst exclusive distributorship license agreement (Plaintiff's Exhibit 1) provides as follows in Section 5.05 on page 8:
 
 
 36
 "The failure of either party at any time to require performance by the other party of any provision hereof shall not affect in any way the full right to require such performance at any time thereafter. Nor shall the waiver by either party of a breach of any provision hereof be taken or held to be a waiver of the provision itself."
 
 
 37
 9. The provisions of the contracts (Plaintiff's Exhibit 1 and Defendants' Exhibit 2) relative to an indefinite term and termination for cause only, respectively, state:
 
 
 38
 "Section 2.03. Unless terminated as provided in Article IV, this Agreement and the appointment of the Distributor hereunder shall continue in force indefinitely and govern all transactions between the parties hereto.
 
 
 39
 * * *
 
 
 40
 * * *
 
 
 41
 "Section 4.01. Either party may terminate this Agreement for cause upon giving sixty (60) days' written notice. Such notice shall specifically set forth reasonable grounds upon which to terminate this Agreement, and such notice shall set forth a proposed plan by which to remedy the reasonable grounds for termination. It is the intent of the parties that any and all possible remedies to avoid termination be explored prior to actual termination."
 
 
 42
 10. The evidence has not established a binding oral agreement entered into between the parties suspending the $6,000.00 monthly payment-purchase requirement of the emission catalyst exclusive distributorship licensing agreement. (Plaintiff's Exhibit 1).
 
 
 43
 11. The evidence has established that C & L breached the emission catalyst exclusive distributor license agreement (Plaintiff's Exhibit 1) in failing to pay the $6,000.00 payment-purchase arrearage within sixty (60) days following the Defendants' demand letter of May 2, 1989 (Defendants' Exhibit 11). The Defendants were therefore legally justified in terminating such agreement for cause. (Defendants' Exhibit 15).
 
 
 44
 12. C & L has not purchased any oil field catalyst devices from Defendants since the oil field catalyst contract inception on November 1, 1988.
 
 
 45
 13. In June 1989, C & L ordered 100 1/2" R emission catalyst devices at $30.00 per device and 100 3/4" R emission catalyst devices at $40.00 per device for a total sum due of $7,000.00. These goods were shipped on June 30, 1989, and received by Plaintiff C & L on July 5, 1989. C & L has continued to retain said goods and has not made payment therefor pursuant to the agreement between the parties. (Plaintiff's Exhibit 1). C & L has belatedly contended that some of said devices are defective but has not returned them.
 
 CONCLUSIONS OF LAW
 
 46
 1. The Court has jurisdiction of the parties and the subject matter herein pursuant to 28 U.S.C. Sec. 132 and 28 U.S.C. Sec. 1391.
 
 
 47
 2. Any Finding of Fact above which might be properly characterized a Conclusion of Law is incorporated herein.
 
 
 48
 3. On November 5, 1988, the parties entered into a settlement agreement which was supported by mutual consideration and waived any right to assert any breaches prior to November 5, 1988. 15 O.S. Sec. 237; Creekmore v. Redman Industries, Inc., 671 P.2d 73, 79 (Okla.App.1983); Watt Plumbing, Air Conditioning and Electric v. Tulsa, Rig, Reel & Mfg. Co., 533 P.2d 980, 983 (Okla.1975).
 
 
 49
 4. A party relying upon an executed oral agreement pursuant to 15 O.S. (1981) Sec. 237, to alter or amend a contract in writing, must establish the executed oral agreement by positive, clear and convincing evidence. Bredouw v. Wilson, 256 P.2d 421, 208 Okl. 393 (1953), and Creekmore v. Redman Industries, Inc., 671 P.2d 73 (Okla.App.1983). No such oral executed agreement was established by the evidence herein.
 
 
 50
 5. The Defendants did not agree to waive or suspend the minimum purchase amount of $6,000.00 per month contained in the emission catalyst contract, Section 3.06, and C & L breached the contract by failing to pay said amount for most of the months from November 1988 until this date.
 
 
 51
 6. The emission control exclusive distributor license agreement (Plaintiff's Exhibit 1) was terminated for cause on July 1, 1989, when C & L failed to comply with the Defendants' demand letter of May 2, 1989, to make the $6,000.00 monthly payment-purchase required pursuant to Section 4.02(b) and (c) of the agreement (Plaintiff's Exhibit 1).
 
 
 52
 7. An indefinite term exclusive dealership contract is terminable at will upon proper notice by either party without consent of the other. Bartlett v. Sterling Construction Co., 499 P.2d 425, 428 (Okla.1972); Dunn v. Birmingham Stove & Range Co., 44 P.2d 88, 170 Okla. 452 (1935).
 
 
 53
 8. The emission catalyst device contract dated August 31, 1988 (Plaintiff's Exhibit 1) and the oil field catalyst contract dated November 1, 1988 (Defendants' Exhibit 2) are indefinite term exclusive dealership contracts.
 
 
 54
 9. The oil field catalyst contract was terminated at will by Defendants on August 25, 1989 by its Second Counterclaim herein, filed as part of the Defendants' original answer.
 
 
 55
 10. C & L owes Defendants $7,000.00 for emission catalyst devices, pursuant to purchase order, delivered to C & L by Defendants on July 5, 1989.
 
 
 56
 11. A Judgment in keeping with these Findings of Fact and Conclusions of Law shall be filed contemporaneous herewith.
 
 
 57
 /S/THOMAS R. BRETT
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 JWA, Inc., prior to November 1988, was a distributor of the Defendants relative to the oil field catalyst device